**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VANDERBILT UNIVERSITY, ) | |
| ) | Civil Action No. 05-506 SLR |
| Plaintiff, ) | |
| ) | NON-JURY CASE |
| v. ) | |
| ) | |
| ICOS CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**ANSWER TO COMPLAINT**

Defendant ICOS Corporation ("ICOS") answers the allegations set forth in Plaintiff Vanderbilt University's ("Plaintiff") Complaint for Correction of Named Inventor on U.S. Patents Nos. 5,859,006 and 6,140,329 as follows:

1. ICOS admits that applications leading to U.S. Patent Nos. 5,859,006 and 6,140,329 were filed by Laboratoire Glaxo Wellcome S.A. on behalf of Alain Daugan. ICOS further admits that these patents are now assigned to ICOS. ICOS denies all other allegations in paragraph 1 of the Complaint.

2. ICOS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and on that basis denies them.

3. ICOS admits the allegations in paragraph 3 of the Complaint.

4. ICOS admits that Plaintiff seeks a remedy under 35 U.S.C. § 256 but denies that Plaintiff has, or has properly pleaded, any claim giving rise to jurisdiction under 35 U.S.C. § 256 or 28 U.S.C. §§ 1331 or 1338.

5. ICOS admits that as of the date of this Answer, ICOS is incorporated in the State of Delaware. The remaining allegation in paragraph 5 states a legal conclusion as to which no

response is required. To the extent that a response is required, ICOS denies all other allegations in paragraph 5 of the Complaint.

6. ICOS admits that as of the date of this Answer, ICOS is incorporated in the State of Delaware. The remaining allegation in paragraph 6 states a legal conclusion as to which no response is required. To the extent that a response is required, ICOS denies all other allegations in paragraph 6 of the Complaint.

7. ICOS admits that phosphodiesterases ("PDEs") are a family of enzymes, produced by many organisms, and that some PDEs are believed to participate in the regulation of various functions within those organisms. ICOS further admits that researchers have sought inhibitors of particular phosphodiesterases to treat a variety of medical conditions. All other allegations in paragraph 7 are unduly vague, indefinite and/or argumentative, and ICOS denies them on that basis.

8. ICOS admits that cyclic guanosine monophosphate ("cGMP") is a nucleotide produced in the human body and that, among other functions, cGMP is involved in a series of events that can contribute to the relaxation of smooth-muscle tissues. All other allegations in paragraph 8 are unduly vague, indefinite and/or argumentative, and ICOS denies them on that basis.

9. ICOS admits that phosphodiesterase type 5 ("PDE5") can degrade cGMP, and that the degradation of cGMP abolishes its function in the process of smooth-muscle tissue relaxation. All other allegations in paragraph 9 are unduly vague, indefinite and/or argumentative, and ICOS denies them on that basis.

10. ICOS admits that some researchers have, for a variety of reasons, developed compounds possessing to varying degrees the property, among others, of inhibiting PDE5. All

other allegations in paragraph 10 are unduly vague, indefinite and/or argumentative, and ICOS denies them on that basis.

     11.    Admitted

     12.    Admitted.

     13.    ICOS admits that a document purporting to be Sekhar Raja Konjeti's curriculum vitae was attached to the Complaint, but is without knowledge or information sufficient to form a belief as to the truth of the statements therein, and denies them on that basis. ICOS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint, and denies them on that basis.

     14.    ICOS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and denies them on that basis.

     15.    ICOS admits that a document purporting to be a research agreement was attached to the Complaint, but is without knowledge or information sufficient to form a belief as to its authenticity or the truth of the statements therein, and denies them on that basis. ICOS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the Complaint, and denies them on that basis.

     16.    ICOS admits that Drs. Corbin and Francis were involved in efforts to determine portions of the amino-acid sequence of bovine PDE5. ICOS admits that it obtained from Dr. Joseph Beavo of the University of Washington a sample of bovine PDE5 cDNA and its sequence. All other allegations in paragraph 16 of the Complaint are unduly vague, indefinite and/or argumentative, and as ICOS is without knowledge or information sufficient to form a belief as to the truth of all such allegations, ICOS denies them on that basis.

17.     ICOS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and denies them on that basis. ICOS admits that a document purporting to be a research agreement was attached to the Complaint, but is without knowledge or information sufficient to form a belief as to its authenticity or the truth of the statements therein, and denies them on that basis.

18.     ICOS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and denies them on that basis.

19.     ICOS admits that Laboratoire Glaxo Wellcome S.A. filed an application in the U.S. Patent and Trademark Office ("PTO") claming certain compounds having specifically recited structures and that, following its examination of this application, the PTO issued U.S. Patent No. 5,859,006. ICOS further admits that, as issued by the PTO on January 12, 1999, U.S. Patent No. 5,859,006 names as sole inventor Alain Daugan of Glaxo's laboratory in Les Ulis, France. All other allegations of paragraph 19 of the Complaint are unduly vague, indefinite and argumentative, and as ICOS is without knowledge or information sufficient to form a belief as to the truth of all such allegations, ICOS denies them on that basis.

20.     ICOS admits that Laboratoire Glaxo Wellcome S.A. filed an application in the PTO claiming methods for the treatment of erectile dysfunction using certain compounds having specifically recited structures and that following its examination of this application, the PTO issued U.S. Patent No. 6,140,329. ICOS further admits that, as issued by the PTO on October 31, 2000, U.S. Patent No. 6,140,329 names as sole inventor Alain Daugan of Glaxo's laboratory in Les Ulis, France. All other allegations of paragraph 20 of the Complaint are unduly vague, indefinite and argumentative, and as ICOS is without knowledge or information sufficient to form a belief as to the truth of all such allegations, ICOS denies them on that basis.

21. ICOS admits that in 2003, Daugan *et al.* published two articles in the *Journal of Medicinal Chemistry*, entitled "The Discovery of Tadalafil." ICOS denies all other allegations in paragraph 21 of the Complaint.

22. ICOS admits that it is the assignee of U.S. Patent Nos. 5,859,006 and 6,140,329.

23. ICOS incorporates its responses to the allegations in paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24. ICOS denies all of the allegations in paragraph 24 of the Complaint.

25. ICOS denies all of the allegations in paragraph 25 of the Complaint.

26. ICOS incorporates its responses to the allegations in paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27. ICOS denies all of the allegations in paragraph 27 of the Complaint.

28. ICOS denies all of the allegations in paragraph 28 of the Complaint.

## AFFIRMATIVE DEFENSES

ICOS asserts the following defenses to Plaintiff's Complaint. Assertion of a matter denominated as a defense is not a concession that ICOS has the burden of proving the matter asserted.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim on which relief can or should be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has no standing to bring or maintain the present action.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has waived any and all claims that it may have or have had against ICOS.

#### FOURTH AFFIRMATIVE DEFENSE

Any and all claims that Plaintiff may have or have had against ICOS are barred by laches, estoppel, and/or acquiescence.

#### FIFTH AFFIRMATIVE DEFENSE

Any and all claims that Plaintiff may have or have had against ICOS are barred by contract(s), whether express or implied, between Plaintiff and Glaxo or others.

#### SIXTH AFFIRMATIVE DEFENSE

Adjudication of the asserted cause of action and of any and all claims on which it is based requires the presence of entities who are not parties to the litigation.

#### SEVENTH AFFIRMATIVE DEFENSE

This action is unwarranted and unripe and thus this Court lacks subject-matter jurisdiction.

### REQUESTED RELIEF

WHEREFORE, ICOS respectfully requests:

1. Plaintiff's Complaint be dismissed with prejudice and its requested relief denied;

2. That an order be entered declaring that Jackie D. Corbin, Sharron H. Francis, and Sekhar Raja Konjeti are not co-inventors of the subject matter claimed in U.S. Patent Nos. 5,859,006 and 6,140,329;

3. ICOS be awarded its costs of suit;

4. ICOS be awarded its attorneys' fees pursuant to 35 U.S.C. § 285; and

5. ICOS be awarded such other and further appropriate relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: September 9, 2005 | By: __*/s/ Mary B. Matterer*__<br>Mary B. Matterer # 2696<br>MORRIS JAMES HITCHENS & WILLIAMS LLP<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE 19801<br>(302) 888-6800<br>mmatterer@morrisjames.com<br><br>Counsel for Defendant<br>ICOS CORPORATION |

OF COUNSEL:
Kevin M. Flowers
Michael F. Borun
Thomas I. Ross
Marshall, Gerstein & Borun LLP
6300 Sears Tower, 233 South Wacker Drive
Chicago, Illinois 60606-6357
Telephone: (312) 474-6300

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of September, 2005, I electronically filed the foregoing document, **ANSWER TO COMPLAINT,** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Ian Connor Bifferato, Esq.
Bifferato Gentilotti & Biden, P.A.
1308 Delaware Avenue
Wilmington, DE  19806

Additionally, I hereby certify that on the 9th day of September, 2005, the foregoing document was served via Federal Express on the following non-registered participants:

Kurt C. Rommel, Esq.
Miles & Stockbridge, P.C.
1751 Pinnacle Drive, Suite 500
McLean, VA  22102-3833
krommel@milesstockbridge.com

                       _/s/ Mary B. Matterer_
                       Richard K. Herrmann #405
                       Mary B. Matterer #2696
                       MORRIS JAMES HITCHENS &
                       WILLIAMS LLP
                       222 Delaware Avenue, 10th Floor
                       Wilmington, DE  19801
                       (302) 888-6800
                       mmatterer@morrisjames.com

                       *Counsel for ICOS Corp.*