IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VANDERBILT UNIVERSITY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No.: 05-506 - SLR |
| ICOS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## STIPULATED PROTECTIVE ORDER

The parties, through their respective counsel, respectfully request entry of this Stipulated Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure to protect trade secrets, or other confidential research, development or commercial information that becomes the subject of discovery or testimony in this action. The Court has determined that it is appropriate to enter such an order for that purpose. It is therefore ORDERED as follows:

### Scope

1. *Applicability.* The confidentiality provisions of this Order shall apply to all depositions, productions of documents and things, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial or at a hearing, matters in evidence, materials filed with the Court, and any other information that a Disclosing Party may designate as protected in connection with this action.

2. *Disclosing parties.* The terms "Disclosing Party" and "Producing Party" encompass not only the parties to this action but third parties who may disclose or produce information (e.g., in response to a subpoena).

**Definitions**

3.  *"Confidential Information"* means information in written, oral, electronic, graphic/pictorial, audiovisual, or other form, whether it be a document, information contained in a document, information revealed during a deposition, hearing, or trial, information revealed in an interrogatory answer, or otherwise:

　　(a) which is designated as CONFIDENTIAL by the Producing Party at any time not precluded by this Order, and

　　(b) which constitutes or contains a trade secret or other confidential research, development, or commercial information as those terms are used in Fed. R. Civ. P. 26(c)(7),

　　(c) the disclosure of which information (i) is likely to have the effect of harming the competitive position of the Producing Party or (ii) would violate an obligation of confidentiality to a third party, including a court.

4.  *"Attorneys' Eyes Only Information"* means information in written, oral, electronic, graphic/pictorial, audiovisual, or other form, whether it be a document, information contained in a document, information revealed during a deposition, hearing, or trial, information revealed in an interrogatory answer, or otherwise:

　　(a) which is designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by the Producing Party at any time not precluded by this Order, and

　　(b) which constitutes or contains a trade secret or other confidential research, development, or commercial information as those terms are used in Fed. R. Civ. P. 26(c)(7),

　　(c) which is of a particularly sensitive nature such that would provide a significant advantage to the Producing Party's competitors, such as information concerning the Producing Party's

future business plans, financial terms of licensing agreements, marketing plans or projections, personnel, or new business development plans, and

    (d) the disclosure of which information (i) is likely to have the effect of harming the competitive position of the Producing Party or (ii) would violate an obligation of confidentiality to a third party, including a court.

  5. *Exceptions to confidentiality status.*  Information will not be deemed Confidential Information or Attorneys' Eyes Only Information, and the parties shall use reasonable efforts to ensure that information is not designated as such, if the content or substance thereof:

    (a) is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the receiving party, generally available to the relevant public through publication or otherwise; or

    (b) is disclosed to the receiving party by a third party without breach of an obligation of confidence to the Producing Party.

  6. *"In-house Counsel"* means attorneys (i.e., members in good standing of the bar of the highest court of any state or federal district court) who are regular full-time or part-time employees of any party and who are working directly on this litigation as well as clerical or administrative personnel supporting such attorneys, who have signed a document in substantially the form of Exhibit A attached hereto, and to whom it is necessary that the protected information in question be disclosed for any purposes relating to this lawsuit.

  7. *"Law Firm Personnel"* means (i) regular full- or part-time employees of the law firms of the attorneys of record for any party; and (ii) non-employee clerical personnel engaged by such law firms on a contract basis (e.g., data entry clerks) who have signed a document in substantially the form

of Exhibit A attached hereto, to whom it is necessary that the protected information in question be disclosed for any purposes relating to this lawsuit.

8. *"Outside Consultants/Experts"* means persons who are not employed by any party and are retained by a party or its attorneys of record in this litigation, for the purposes of assisting in preparation of this litigation for trial, such as accountants, statisticians, economists, technical consultants or other experts, who have signed a document in substantially the form of Exhibit A attached hereto.

9. *"Qualified Persons"* means persons to whom Confidential Information may be furnished, shown or disclosed pursuant to Paragraph 19 of this Order.

## Designation and Identification

10. *Designation of documents.* Confidential Information and Attorneys' Eyes Only Information that is in documentary or other tangible form shall be labeled by the Producing Party, prior to its production, as either "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" and "IN CIV. ACTION NO. 09-506 (D. DEL.)."

11. *Preliminary designation of documents being inspected.* If a Producing Party elects to produce documents and things for inspection, it need not label the documents and things in advance of the initial inspection. For purposes of the initial inspection, all documents within the produced files will be treated as having been designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY." Thereafter, on selection of specified documents for copying by the inspecting party, the Producing Party shall label (pursuant to Paragraph 10 of this order) either the original documents or the copies or such documents as may contain confidential subject matter at the time the copies are produced to the inspecting party.

12. *Designation of other disclosures.* Confidential Information or Attorneys' Eyes Only Information that is not in documentary or other tangible form, or that cannot conveniently be labeled –

other than oral disclosures – shall be designated and/or categorized by the disclosing party as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in a writing provided to the receiving party at the time of production.

13.   *Designation of deposition testimony.*   The following procedures shall be followed if Confidential Information or Attorneys' Eyes Only Information of a Producing Party is discussed or disclosed in a deposition:

(a) The Producing Party shall have the right to exclude from attendance at the deposition, during such time as Confidential Information is to be discussed or disclosed, any person other than the deponent and Qualified Persons (as defined in Paragraph 19).

(b) The Producing Party shall have the right to exclude from attendance at the deposition, during such time as Attorneys' Eyes Only Information is to be discussed or disclosed any person other than the deponent, the deponent's counsel, and the Parties' counsel.

(c) The deposition transcript or any portion thereof containing Confidential Information or Attorneys' Eyes Only Information shall be designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" only at the request of counsel for the Producing Party (or, if the Producing Party is not a party to the action and is not represented at the deposition, at the request of counsel for the party disclosing the information) by notifying the other parties on the record during the deposition.

(d) If a request under subparagraph (c) of this paragraph is made on the record during the deposition, the court reporter shall indicate on the cover page of the transcript that the transcript contains Confidential Information and/or Attorneys' Eyes Only Information and additionally shall list the pages and line numbers of the transcript on which the information in question is contained.

(d) Alternatively, a request under subparagraph (c) of this paragraph may be made in writing within twenty (20) days after the requesting counsel receives a copy of the transcript of the deposition. The request shall contain a list of the numbers of the pages and lines of the transcript that are to be designated as containing Confidential Information and/or Attorneys' Eyes Only Information, and specific designations for each item or group of items on the list. The list shall be set forth on one or more separate pieces of paper, the first one of which shall bear the caption of the action and identifying information about the deposition. The requesting counsel shall insert the list before the cover page of the transcript and shall mail or fax copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof.

14. *Designation of oral disclosures other than deposition testimony.* Information conveyed orally shall be designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" orally at the time of disclosure. The disclosing party shall confirm the scope of the confidential disclosure in writing to the receiving party within fourteen (14) days.

15. *Designation not determinative.* Designation by counsel of documents or other specified information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY", or receipt of documents or information so designated, shall not be considered as determinative of whether the contents of the documents and/or the information specified are entitled to be deemed as such.

16. *Challenges to confidentiality designations.* A party shall not be obligated to challenge the propriety of a designation of information as protected at the time made, and failure to do so shall not preclude a subsequent challenge thereto. If any party to the action disagrees at any stage of the proceedings with such a designation, that party shall provide to the Producing Party written notice of its disagreement. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from

the Court. The burden of proving that the information has been properly designated as protected is on the party making such designation.

17.  *Inadvertent disclosure without designation.*  Any failure to designate information with the proper designation at the time of disclosure or production shall not be deemed a waiver of the party's claim of confidentiality or secrecy under any applicable law. Any party, in good faith, may designate information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" within a reasonable time after the party becomes aware of that party's inadvertent failure to make such a designation earlier, by providing written notice to all receiving parties and by providing appropriately labeled copies of the redesignated materials. The receiving party shall then destroy all copies of the previously produced materials containing the improper designation.

### Access and Use

18.  *Restrictions on access to Confidential Information.*  A receiving party may produce, provide, disclose, or summarize Confidential Information only to the following Qualified Persons:

(a) Parties. A receiving party may disclose material or information designated "CONFIDENTIAL" to no more than five (5) officers, directors, and/or employees (other than In-House Counsel) of the receiving party provided that any such person to whom such material or information is disclosed has signed an Undertaking in the form of Exhibit A hereto.

(b) Outside Counsel. A receiving party may disclose material designated "CONFIDENTIAL" to outside counsel of record for the receiving party, their Law Firm Personnel, and any contractors hired by outside counsel of record for a business purpose (e.g., independent photocopying service, but not outside expert consultants, who are discussed in sub-paragraph (c) below).

(c) Outside Expert Consultants. A receiving party may disclose Confidential Information to its expert consultants (and the staff of consultants) expressly engaged to assist outside counsel of record in

this litigation provided that any such consultant has signed an Undertaking in the form of Exhibit A hereto.

(d) *Other Qualified Persons.* Confidential Information may be disclosed to any other person who (a) is designated by (i) order of the Court after notice and an opportunity to be heard by all affected parties, or (ii) agreement of the Producing Party; and (b) has signed a document in substantially the form of Exhibit A attached hereto.

(e) *Jury Consultants and Mock Jurors.* A receiving party may disclose all Confidential Information to jury consultants engaged by the receiving party and to mock jurors engaged by any jury consultant in preparation for trial, provided that (i) no such persons are officers, directors, or employees of any of the parties to this action; (ii) that any such jury consultants sign an Undertaking in the form of Exhibit A hereto; (iii) that any such mock jurors agree in writing to keep all information obtained during the mock proceeding confidential ("Confidentiality Agreement"); (iv) that such Undertakings and Confidentiality Agreements be retained under the control of counsel until final termination of this action; and (v) that no Confidential Information of another party shall be left in the possession of any mock juror.

19. *Restrictions on access to Attorneys' Eyes Only Information.* A receiving party may produce, provide, disclose, or summarize Attorneys' Eyes Only Information only to:

(a)     Outside Counsel; and

(b)     Disclosed Outside Expert Consultants. A receiving party may disclose Attorneys' Eyes Only Information to expert consultants (and the staff of consultants) expressly engaged to assist outside counsel of record in this litigation provided that any such consultant has signed an Undertaking in the form of Exhibit A hereto, which is received by counsel for the opposing party and by the Producing Party at least ten (10) days prior to the disclosure. Before disclosing any Attorneys' Eyes Only

Information to an expert consultant, counsel shall provide to the other parties a copy of a resume or curriculum vitae describing in detail (1) the expert consultant's employment history, and (2) every litigation-related consulting relationship in which such expert consultant is currently engaged or has been engaged in the past four years, and (3) a description of any relationship between the expert consultant and each party in the last four years. Consultants shall not be current or former officers or directors of a party. Consultants shall not be current employees of a party. A party shall not retain as a consultant an individual who is an ex-employee of another party who left such employment less than seven (7) years ago; provided, however, that a notified party may still object to the employment of an ex-employee who left employment more than seven (7) years ago, so long as such objection is made in accordance with and in the time period set forth below for objections to outside consultants. A party shall not employ a consultant who was employed as an employee by that party within six (6) months prior to the disclosure of Attorneys' Eyes Only Information. The notified parties shall have ten (10) business days from receipt of the notice to deliver to the notifying party written objections, if any, setting forth in detail the reasons therefore. Upon timely objection, disclosure of Attorneys' Eyes Only Information to the consultant shall not be made, subject to a successful motion for relief brought by the party seeking disclosure. Absent timely objection, the consultant shall be deemed approved. However, a receiving party shall not disclose Attorneys' Eyes Only Information to such consultant until after the ten (10) day period for objection has lapsed. Employees and staff of a consultant, working under his control, and not themselves consultants, are not required to sign an Undertaking in the form of Exhibit A.

20.   *Access by Court Personnel.*  All Confidential Information and/or Attorneys' Eyes Only Information filed with the Court may be disclosed to and viewed by the Court, appropriate Court personnel, and Court reporters as necessary without the need of further order of this Court.

21.   *Authors and Addressees.*  A receiving party may disclose documents designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" to:

(a) any person who appears as an author or addressee on the face of the document or any person who has been established as an author of the Confidential Information by other proof; or

(b) any officer, director, regular employee or attorney (including legal assistants and regularly employed office staff) of the party producing the document.

As to persons identified in item 22(a), unless a person appears as an author or addressee on the face of the document, the person's status as an author or recipient of a confidential document shall be established, upon proof provided in the first instance by the party seeking to disclose the document, before the document is disclosed to that person.

22.   *Court Reporters and Videographers.*  Any court reporter or transcriber who reports or transcribes testimony in this action at a deposition shall agree to be bound by the Order by signing an Undertaking in the form of Exhibit B for court reporters and videographers, before recording or transcribing or translating any such testimony including or discussing Confidential Information and/or Attorneys' Eyes Only Information, and shall agree that all such information revealed at the deposition is and shall remain confidential and shall not be disclosed by such reporter or transcriber, except to the counsel of record for each party and any other person who is present when such testimony is being given, and that copies of any transcript, reporter's notes, or any other transcription record of any Confidential Information and/or Attorneys' Eyes Only Information shall be retained in confidence and safekeeping by such reporter or videographer, or shall be delivered to the undersigned attorneys.

23. *Restrictions on use.* Disclosure of Confidential Information and/or Attorneys' Eyes Only Information shall be solely for the purposes of resolving disputes between the parties; information so disclosed shall not be used for any other purpose. The persons receiving the information in question are ENJOINED from disclosing it to any other person except in conformance with this Order.

24. *Disclosure in certain circumstances.* Nothing in this Order shall preclude any party to the lawsuit or their outside counsel from:

(a) disclosing or using, in any manner or for any purpose, any information or documents from the party's own files that the party itself has designated as protected; or

(b) with respect to the attorneys, rendering advice to their clients concerning this litigation and, in the course thereof, relying upon (without disclosing) Attorneys' Eyes Only Information.

25. *Future representation by counsel.* It is not the intent of the parties, nor of the Court, that an attorney or law firm that acquires knowledge of (or is given access to) Confidential Information pursuant to this Order should be disqualified from other representation adverse to the Producing Party solely because of such knowledge (or access).

26. *Filing under seal.* No document containing Confidential Information and/or Attorneys' Eyes Only Information shall be filed with this Court unless it is in a sealed, opaque container or envelope including on the outside thereof the case heading of this litigation and a notification that the contents are subject to a protective order and the container is not to be opened except on further order of this Court or by stipulation of counsel for all parties, including any third party if its Confidential Information and/or Attorneys' Eyes Only Information is contained within the documents being filed under seal.

27. *Duties of the Court Clerk.* The Clerk of this Court is directed to maintain under seal all pleadings, motions, exhibits and other papers designated as containing Confidential Information and/or

Attorneys' Eyes Only Information and filed in this litigation. The Clerk is ordered to show a copy of this Order to anyone desiring access to any of the pleadings, motions, exhibits, or other papers relating this suit and to deny access to all pleadings, motions, exhibits and other papers designated as containing Confidential Information and filed with the Court.

28.   *Use of information in court proceedings.* Any receiving party that seeks to present Confidential Information and/or Attorneys' Eyes Only Information of another party in oral form at trial, or during any pre- or post-trial hearings, shall first notify the Court and the Producing Party a reasonable amount of time in advance of such presentation. Because of the policy favoring public attendance at judicial proceedings, the parties are strongly encouraged to agree on procedures that will minimize the presentation of Confidential Information and/or Attorneys' Eyes Only Information in open court. In appropriate circumstances such procedures might include, submission of written testimony under seal, presentation of "declassified" summaries or protected information, and the like. The Court does not here determine which if any such procedures might be suitable in particular situations. Absent a stipulation of all parties, the fact that information has been designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall not be admissible during the trial of this action.

29.   *Disposition of documents after final termination.*

(a) Except as set forth below, within 60 days of final termination of this action (i.e., 60 days after the point at which no further appeal may be brought) and upon prior written request of counsel for the Producing Party:

(1) the attorneys of record for each receiving party and/or the Court Clerk shall return to each Producing Party or its attorney of record all documents (and copies thereof) and all materials (and any copies thereof) that have been furnished to it by the Producing Party and that have been identified as containing Confidential Information and/or Attorneys' Eyes Only Information pursuant to this Order; or

(2) with the Producing Party's consent, such documents received by the receiving party or its attorneys of record and/or the Court Clerk may be destroyed in lieu of being returned to the Producing Party. Counsel for the receiving party and/or the Court Clerk shall confirm the destruction in writing.

(b) Notwithstanding subparagraph (a), the attorneys of record for a receiving party may retain for a period of one (1) year, in "Secure Storage" (defined below), a reasonable number of archival copies of documents containing Confidential Information and/or Attorneys' Eyes Only Information that have been submitted to the Court as part of or in association with any pleading, motion, memorandum, or other document filed in this action, or documents submitted at any hearing or at trial. Such Confidential Information and/or Attorneys' Eyes Only Information may not be used or disclosed except (i) as permitted under this Order, (ii) by agreement of the Producing Party in question, or (iii) by further order of this Court. The archival copies may be in hard-copy, electronic, magnetic, optical-disk, or other form, or any combination thereof. By way of example and not of limitation, counsel may maintain, e.g., a set of pleadings, briefs, and similar court papers; a set of trial exhibits; a copy of the record on appeal; a reasonable number of backup tapes containing Confidential Information and/or Attorneys' Eyes Only Information in electronic form that had been maintained on law firm computer networks (i.e., counsel need not specifically purge their firms' routine backup tapes of Confidential Information as long as the backup tapes are kept in secure storage).

(c) For purposes of subparagraph (b), "Secure Storage" for archival copies of protected information does not include storage that is routinely physically accessible from a local-area network, wide-area network, or the Internet.

30.     *No waiver of right or obligation to object to production.*  Nothing contained in this Order shall be construed as a waiver by any party of its right to object to the subject matter of any request for

production of documents in this action nor as a waiver by any other party of the first party's obligation to make proper response to discovery requests. The entry of this Order shall not be construed as an agreement by any party to produce any documents or to supply any information and shall not constitute an admission that any such documents that may exist are relevant or material in any way to the issues raised in the pending action or admissible in such action, nor as a waiver of any privilege with respect thereto.

31. *Discovery from nonparties.* In the event that a party seeks discovery from a nonparty to this action, the nonparty may invoke the terms of this Order in writing to all parties to the action with respect to any Confidential Information and/or Attorneys' Eyes Only Information to be provided to the requesting party by the nonparty.

32. *Continuing jurisdiction.* This Order shall survive the final conclusion of the action, and this Court retains jurisdiction of the parties hereto, and of any person who executes a copy of Exhibit A, indefinitely as to any dispute between any of them regarding improper use of information disclosed pursuant to this order.

33. *Requests for additional protection.* This Order shall be without prejudice to the right of the parties to request additional protection under Rule 26(c) of the Federal Rule of Civil Procedure for a discovery request made hereafter by any party.

34. *Modification.* Any party may seek modification of this Order. A party seeking a modification first shall seek to obtain the agreement of all other parties.

_[signature]_  /  _[signature]_

Richard K. Herrmann (#405)
Mary B. Matterer (# 2696)
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899-2306
Telephone: (302) 888-6800

*Delaware Counsel for Defendant,*
*ICOS Corporation*

Michael F. Borun (*pro hac vice*)
Kevin M. Flowers (*pro hac vice*)
Thomas I. Ross (*pro hac vice*)
Marshall, Gerstein & Borun L.L.P.
(302) 429-1900
6300 Sears Tower
233 S. Wacker Drive
Chicago, Illinois 60606-6357
(312) 474-6300

*Trial Counsel for Defendant,*
*ICOS Corporation*

Vincent A. Bifferato, Jr. (#2466)
Ian Connor Bifferato (#3273)
Joseph A. Koury (#4272)
Bifferato, Gentilotti & Biden, P.A.
1308 Delaware Avenue
Wilmington, Delaware 19899
(302) 429-1900

*Delaware Counsel for Plaintiff,*
*The Vanderbilt University.*

Robert S. Brennen (*pro hac vice*)
Donald E. English, Jr. (*pro hac vice*)
Miles & Stockbridge P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 727-6464

*Trial Counsel for Plaintiff,*
*The Vanderbilt University*

**SO ORDERED**

4/17/06
Date

_[signature]_
Sue L. Robinson
Chief Judge of the United States District Court
for the District of Delaware