**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VANDERBILT UNIVERSITY, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ICOS CORPORATION, )<br>)<br>Defendant. )<br>) | Civil Action No.: 05-506 -SLR |

**ICOS'S AMENDED NOTICE OF DEPOSITION OF
VANDERBILT UNIVERSITY PURSUANT TO FED. R. CIV. P. 30(B)(6)**

**To:**

Joseph K. Koury
Bifferato, Gentilotti & Biden, P.A.
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE 19899

Kurt C. Rommel, Esq.
Miles & Stockbridge, P.C.
1751 Pinnacle Drive, Suite 500
McLean, VA  22102-3833

**PLEASE TAKE NOTICE** that Defendant ICOS Corporation ("ICOS") will take the deposition of Plaintiff Vanderbilt University ("Vanderbilt"), commencing at 9:00 a.m. on November 8, 2006, at the offices of VOWELL & JENNINGS, INC., 214 2nd Avenue N, Suite 207, Nashville, TN  37201 (or at another time and location that is mutually agreeable between the parties), and continuing day-to-day thereafter until completed, before a Notary Public or other officer duly authorized to administer oaths, to be recorded by stenographic and videographic means.

Pursuant to Fed. R. Civ. P. 30(b)(6), Vanderbilt is required to designate one or more appropriate persons to testify on its behalf with respect to each of the deposition topics set forth below, and the person(s) so designated shall be required to testify as to each of those matters known or reasonably available to Vanderbilt.

## DEFINITIONS AND INSTRUCTIONS

The Definitions and Instructions provided in ICOS's First Set of Requests for the Production of Documents and Things and ICOS's First Set of Interrogatories are incorporated herein by reference.

## DEPOSITION TOPICS

1. All bases for the following statement in Paragraph 23 of the Complaint:

    "Drs. Corbin, Konjeti, and Francis each made independent conceptual contributions to the inventions described in claims 1-8, 10, and 12-13 of Patent 5,859,006, and those contributions were communicated to and shared with Glaxo prior to the application for that patent."

2. All bases for the following statement in Paragraph 27 of the Complaint:

    "Drs. Corbin, Konjeti, and Francis each made independent conceptual contributions to the inventions described in claims 1-3, 5-12, and 15-21 of Patent 6,140,329, and those contributions were communicated to and shared with Glaxo prior to the application for that patent."

3. All bases for the following statement in Paragraph 21 of the Complaint (and the statements in Vanderbilt's Supplemental Response to ICOS's Interrogatory No. 2 to the same effect):

    "It is readily and undeniably apparent from those articles that the French Glaxo team employed the results of the Vanderbilt team's research in the conception of Tadalafil, and, in using recombinant human cGMP [*sic*: PDE-5] to test the inhibitor, taking advantage of the amino acid sequence that Vanderbilt's scientists had discovered and used to clone recombinant bovine PDE-5."

4. All bases for the following statement in Paragraph 21 of the Complaint (and the statements in Vanderbilt's Supplemental Response to ICOS's Interrogatory No. 2 to the same effect):

    "[I]t was the Vanderbilt scientists that had first conceived that a PDE-5 inhibitor derived following their suggestions would be effective in treating male impotency."

5. All bases for the following statement in Vanderbilt's Supplemental Response to ICOS's

Interrogatory No. 2:

> "[T]he Vanderbilt Scientists conceived that a PDE-5 inhibitor derived from following their suggestions would be effective in treating male impotency and communicated that information to GLAXO."

6. All bases for the following statement in Vanderbilt's Supplemental Response to ICOS's

Interrogatory No. 2:

> "[T]he Vanderbilt Scientists made 'conceptual contributions to the inventions described in claims 1-8, 10 and 12-13 of Patent 5,859,006' as follows:
>
> First, the Vanderbilt Scientists were the first to discover that, notwithstanding the nature or structure of any particular or specific PDE5-inhibiting molecule, that molecule must satisfy certain 'rules' of physical and chemical structure, namely:
>
> a. A successful PDE-5 inhibitor candidate should mimic cGMP; . . . ."

7. All bases for the following statement in Vanderbilt's Supplemental Response to ICOS's

Interrogatory No. 2:

> "[T]he Vanderbilt Scientists made 'conceptual contributions to the inventions described in claims 1-8, 10 and 12-13 of Patent 5,859,006' as follows: First, the Vanderbilt Scientists were the first to discover that, notwithstanding the nature or structure of any particular or specific PDE5-inhibiting molecule, that molecule must satisfy certain 'rules' of physical and chemical structure, namely: . . . .
>
> b. they were the first to recognize that a key substituent on the molecule must also be 'hydrophobic' in order to add potency and successfully restrict the specificity thereof to PDE-5 and that the spatial orientation of the appended hydrophobic groups is critical for potency of the inhibitor. The Vanderbilt Scientists actually suggested several candidate hydrophobic substituents, one of which (phenyl) is present in tadalafil and another substituent appended to the phenyl (methoxy) is similar to the methylenedioxy appended to the phenyl in tadalafil; . . . ."

8. All bases for the following statement in Vanderbilt's Supplemental Response to ICOS's

Interrogatory No. 2:

> "[T]he Vanderbilt Scientists made 'conceptual contributions to the inventions described in claims 1-8, 10 and 12-13 of Patent 5,859,006' as follows: First, the Vanderbilt Scientists were the first to discover that, notwithstanding the nature or

> structure of any particular or specific PDE5-inhibiting molecule, that molecule must satisfy certain 'rules' of physical and chemical structure, namely: . . . .
>
> c. They were the first to suggest that the presence of electron-donating groups on the phenyl ring of successful candidate PDE-5 inhibitors increased potency and that the presence of electron-withdrawing groups decreased potency."

9. All bases for the following statement in Vanderbilt's Supplemental Response to ICOS's Interrogatory No. 7:

> "[T]he French Glaxo team relied upon the three rules enunciated in Vanderbilt's Response to Interrogatory No. 2 for conception of the invention."

10. All bases for the following statement in Vanderbilt's Supplemental Response to ICOS's Interrogatory No. 7:

> "[T]he communication of this information to Glaxo was by both oral and written communication, some of which are [is] reflected in documents that will be produced or made available for inspection in response to ICOS' requests for production of documents."

11. All bases for the identification of each document in Vanderbilt's Second Supplemental Responses to ICOS's Interrogatory Nos. 2 and 3.

12. The knowledge in the relevant art regarding the roles of nitric oxide, cGMP, PDE-5, and PDE-5 inhibitors in the etiology and/or treatment of male erectile dysfunction (including but not limited to such knowledge disclosed publicly by, *e.g.*, Louis Ignarro, Peggy Bush, and Jacob Rajfer) as of (i) December 31, 1991; (ii) July 1, 1994; and (iii) July 1, 1995.

13. Any communication (including but not limited to any agreements) between You and (i) Glaxo, (ii) the University of Washington, and/or (iii) ICOS concerning any of the Patents-at-Issue or any subject matter claimed in the Patents-at-Issue.

14. The agreements between You and Glaxo memorialized in the documents attached as exhibits to the Complaint.

15. Your awareness of each of the Patents-at-Issue, including each of the respective patent applications from which the Patents-at-Issue claim priority, including Your awareness of the assignment and ownership thereof, from the time of Your first awareness to the present day, including but not limited to the date and circumstances surrounding Your first such awareness.

16. Your awareness of the subject matter claimed in the Patents-at-Issue, from the time of Your first awareness to the present day, including but not limited to the date(s) and circumstances surrounding Your first such awareness.

17. The reason(s) for delay between Your first awareness of each of the Patents-at-Issue or the patent applications from which those patents claim priority, and the filing of the Complaint in this action.

18. Communications between You and any other person or entity concerning the Patents-at-Issue, the respective patent applications from which those patents claim priority, this action and the subject matter of this action.

19. Any alleged breach of any agreement between You and Glaxo, the University of Washington, or ICOS.

20. The timing and extent of Your knowledge concerning any acquisition by ICOS of patent rights concerning any subject matter claimed in the Patents-at-Issue or concerning any intent or effort by ICOS to produce any such subject matter for use in treating erectile dysfunction.

Date:  October 30, 2006

    */s/ Mary B. Matterer*
Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801
Tel:  (302) 888-6800
Email:  mmatterer@morrisjames.com

Kevin M. Flowers
Thomas I. Ross
Rashmi V. Gupta
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 S. Wacker Drive
Chicago, Illinois  60606-6357
Tel:  (312) 474-6300
Fax:  (312) 474-0448

*Attorneys for Defendant ICOS Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2006, I electronically filed the foregoing document **ICOS'S AMENDED NOTICE OF DEPOSITION OF VANDERBILT UNIVERSITY PURSUANT TO FED.R.CIV.P. 30(b)(6)**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Joseph K. Koury
>Bifferato, Gentilotti & Biden, P.A.
>1308 Delaware Avenue
>P.O. Box 2165
>Wilmington, DE 19899
>Telephone: (302) 429-1900
>Fax: (302) 429-8600
>jkk@bgbblaw.com

Additionally, I hereby certify that on the 30th day of October, 2006, the foregoing document was served via email and via hand delivery on the above and also via email and via first class mail on the following non-registered participants:

| | |
|---|---|
| Robert S. Brennen, Esq. | Kurt C. Rommel, Esq. |
| Donald E. English, Jr., Esq. | Miles & Stockbridge, P.C. |
| Miles & Stockbridge, P.C. | 1751 Pinnacle Drive, Suite 500 |
| 10 Light Street | McLean, VA 22102-3833 |
| Baltimore, MD 21202 | (703) 903-9000 |
| rbrennen@milesstockbridge.com | |
| denglish@milesstockbridge.com | |

>　　/s/ Mary B. Matterer
>Richard K. Herrmann (I.D. #405)
>Mary B. Matterer (I.D. #2696)
>MORRIS JAMES HITCHENS &
>　WILLIAMS LLP
>222 Delaware Avenue, 10th Floor
>Wilmington, DE 19801
>(302) 888-6800
>mmatterer@morrisjames.com