IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VANDERBILT UNIVERSITY, | * |
| Plaintiff, | * |
| | * Case No: 1:05-cv-00506-SLR |
| v. | * |
| ICOS CORPORATION, | * |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S MOTION REQUESTING EXTENSION OF FACT DISCOVERY
DEADLINE PURSUANT TO THE SCHEDULING ORDER OF DECEMBER 7, 2005
AND D. DEL. LR 16.5 (INCLUDING COUNSEL FOR DEFENDANT'S STATEMENT
PURSUANT TO D. DEL. LR 7.1.1) SOLELY FOR PURPOSE OF CONDUCTING
DEPOSITION OF DR. BARRY CLIVE ROSS**

COMES NOW Plaintiff Vanderbilt University ("Vanderbilt"), by and through its undersigned counsel, and moves this Court for an extension of the fact discovery deadline contained in the Court's December 7, 2005 Scheduling Order (the "Scheduling Order") solely for the purpose of conducting the deposition of Dr. Barry Clive Ross, and states as follows:

1.    As detailed in Vanderbilt's recently-filed *Motion for Issuance of Letter Rogatory* (the "Letter Rogatory Motion") [D.I. 50], this case arises from Vanderbilt University's claim that three of its scientists contributed to Glaxo, Inc.'s conception of inventions reflected in two U.S. patents, which include the compound tadalafil, currently marketed as "Cialis." Those patents name one of Glaxo, Inc.'s scientists as the sole inventors of both patents. Those patents were assigned by Glaxo, Inc. to ICOS Corporation and currently still list the Glaxo, Inc. scientist as the sole inventor. Pursuant to the Scheduling Order, all fact discovery is to be completed by November 17, 2006. (Order ¶ 2.(b)).

2.     Dr. Ross is a former Glaxo, Inc. ("Glaxo") employee who resides in the United Kingdom. Vanderbilt believes that Dr. Ross possesses information that is critical to Vanderbilt's claim that the Vanderbilt scientists are co-inventors of the patents. Counsel for Vanderbilt previously contacted Dr. Ross in an effort to schedule his deposition prior to the expiration of the current deadline. However, while Dr. Ross initially indicated that he was willing to appear voluntarily (subject to discussions with his former employer), on October 30, 2006, he advised counsel for Vanderbilt that he had decided, for personal reasons, that it would be better if he declined to appear unless compelled to do so. Glaxo has previously implied to counsel for Vanderbilt that it will not willingly make available any of its current or former employees for depositions in this proceeding.

3.     Anticipating that Dr. Ross might ultimately decline to appear voluntarily, Vanderbilt filed the Letter Rogatory Motion on October 27, 2006, requesting the issuance of a letter rogatory for the purpose of compelling Dr. Ross to appear for his deposition. As set forth therein, Vanderbilt has retained a British solicitor who will forward the letter to the appropriate British court for the issuance of a commission to take the deposition of Dr. Ross. As a result, the British solicitor will act as Vanderbilt's agent in obtaining the commission from the appropriate British court pursuant to 28 U.S.C. § 1781. Prior to filing the Letter Rogatory Motion, and in order to expedite the process, counsel for Vanderbilt asked counsel for ICOS to consent to the motion, and that discovery be extended for the sole purpose of conducting the deposition of Dr. Ross. ICOS did not consent.

4.     Counsel for Vanderbilt is not aware of any substantial basis for an objection by ICOS to either the Letter Rogatory Motion or the deposition of Dr. Ross

5. The Scheduling Order provides that "[a]ny application to the Court shall be by written motion…." (Order ¶ 7). Further, the Local Rules of Civil Practice and Procedure (the "D. Del. LR") provide that a request for an extension of deadlines "shall be made by motion…prior to expiration of the date deadline, and shall include…a certification that counsel has sent a copy of the request to the client." (D. Del. LR 16.5).

6. Counsel for Vanderbilt has previously conferred with counsel for ICOS on the possibility that discovery be extended for the sole purpose of conducting the deposition of Dr. Ross; D. Del. LR 7.1.1 is therefore satisfied. Furthermore, the undersigned counsel certifies that a copy of the request for extension set forth in this motion shall be sent to Vanderbilt, thereby satisfying D. Del. LR 16.5.

7. Granting Vanderbilt leave to conduct Dr. Ross' deposition beyond the existing fact discovery deadline will not prejudice ICOS nor require any other modification of the existing Scheduling Order. Indeed, Vanderbilt believes that Dr. Ross possesses information that is critical to Vanderbilt's claim that the Vanderbilt scientists are co-inventors of the patents at issue, therefore Vanderbilt has shown cause for the extension for the sole purpose of conducting the deposition of Dr. Ross.

WHEREFORE, plaintiff Vanderbilt University, by and through its undersigned counsel, moves this Court for an extension of the fact discovery deadline contained in the current Scheduling Order solely for the purpose of conducting in the United Kingdom the deposition of

Dr. Barry Clive Ross as soon as is practicable.

Dated: October 31, 2006

                                            BIFFERATO, GENTILOTTI,
                                                BIDEN & BALICK, L.L.C.

/s/ Joseph K. Koury

Vincent A. Bifferato, Jr. (#2465)
Ian Connor Bifferato (#3273)
Joseph K. Koury (#4272)
1308 Delaware Avenue
Wilmington, Delaware 19806
(302) 429-1900

-and-

Robert S. Brennen
Donald E. English, Jr.
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 727-6464

*Attorneys for Plaintiff,*
*Vanderbilt University*