## E-Mail Request for Emergency Relief

1. Case Number:  05-cv-0506-SLR

2. Check the box that applies:

   ☑ Requesting a teleconference with the parties and the court
   ☐ Requesting an in-person conference with the parties and the court
   ☐ Requesting either of the above listed options at the court's determination

3. BRIEFLY describe the reason for this **emergency** request:

   Depositions of three Vanderbilt employees are scheduled for November 8-10, 2006. Eli Lilly & Co. (a third party) is a joint venture partner with ICOS in marketing Cialis, the drug covered by the patents-in-suit. Moreover, Lilly recently signed a letter of intent to acquire ICOS. Lilly's significant interests in the patents-in-suit and the progress and outcome of this case make it appropriate for one Lilly in-house attorney to attend (but not participate in) depositions in this case. ICOS proposed this to Vanderbilt on October 20, 2006. Vanderbilt confirmed that there was no problem under the Protective Order, but the parties continued discussions. On October 27, Vanderbilt indicated that it would not agree to ICOS's proposal unless ICOS agreed not to oppose Vanderbilt's October 27 motion seeking letters rogatory for a deposition of a former Glaxo employee in the UK. ICOS rejected this offer.

   *Any text added beyond the limits of this space will be disregarded by the court.

4. Name of opposing counsel contacted about this request: Robert Brennen

5. Response of opposing counsel to this request:

   Thus far, Vanderbilt's only stated basis for disagreement is that because Eli Lilly fact witnesses may be called in this case (an assertion which ICOS rejects), it would be "inappropriate" for a Lilly attorney to attend depositions of Vanderbilt employees.

6. Name of local counsel making this request: Richard Herrmann (#405)

7. Today's Date: October 31, 2006

*********************************************************************************

For court use only:

☐ A teleconference will be held on _____ to be coordinated and initiated by

☐ An in-person discovery conference will be held on:

☑ Other: D. Del. L.R. 30.3 governs, absent agreement of the parties. The court is not inclined to make an exception in this case.

**Opposing Counsel's Response to E-Mail Request for Emergency Relief**

1. Case Number:     05-cv-0506-SLR

2. BRIEFLY state your response to the **emergency** request made by opposing counsel:

   Under L.R. 30.3, only parties or their representatives, counsel, and experts are permitted to attend depositions without party agreement or court order. While Eli Lilly has announced an intention to acquire the stock of Defendant ICOS Corporation it has not done so and, in any event, is not a party. Thus it has no right to attend the depositions of Plaintiff Vanderbilt's witnesses. This is a significant matter, and the depositions, which are anticipated to take several hours, are going to be videotaped at Defendant's request. Hence, there will be enough stress upon the witnesses without creating a larger audience.

   As Defendant concedes, Eli Lilly lawyers would not be permitted to participate in the depositions. They will have ample opportunity to review the transcripts and the videotapes, and, therefore, any interest that Eli Lilly might have in the content of the depositions will not be prejudiced by their absence from the live event.

   *Any text added to beyond the limits of this space will be disregarded by the court.

3. Name of local counsel submitting this response: Joseph K. Koury (#4272)

4. Today's Date: October 31, 2006

****************************************************************************************