IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VANDERBILT UNIVERSITY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>)<br>)<br>)<br>ICOS CORPORATION, )<br>)<br>Defendant. )<br> ) | Civil Action No.: 05-506-SLR |

**PLAINTIFF'S MOTION FOR ORDER COMPELLING COMPLIANCE WITH
SUBPOENA SERVED ON MARK RACHLIN AND FOR THE IMPOSITION OF
<u>CONTEMPT SANCTIONS UPON MARK RACHLIN</u>**

Plaintiff, Vanderbilt University ("Vanderbilt"), by its undersigned counsel, hereby moves the Court for an Order (a) compelling non-party Mark Rachlin ("Rachlin") to comply with a subpoena *duces tecum* and *ad testificandum*; and (b) imposing contempt sanctions upon Rachlin, and in support thereof states as follows:

1. This case arises from Vanderbilt University's claim that three of its scientists contributed to the conception of inventions reflected in U.S. patent numbers 5,859,006 and 6,140,329 (the "Patents-at-Issue"). Those patents were originally applied for by Laboratoire Glaxo Wellcome S.A., a subsidiary of Glaxo Group, Ltd. (collectively, "Glaxo"), which later assigned them to Defendant ICOS Corporation ("ICOS"). The inventions described in the Patents-at-Issue include, among thousands if not millions of others, the compound Tadalafil, currently marketed as the prescription erectile dysfunction medication *Cialis®*. The Patents at Issue currently name only Alain Daugan, a chemist with Glaxo's French laboratory, as inventor

of all of the covered inventions. Vanderbilt's Complaint requests that the Court issue an order directing the Commissioner of the U.S. Patent and Trademark Office ("USPTO"), pursuant to 35 U.S.C. § 256, to correct the two patents by adding the three Vanderbilt scientists as co-inventors of the patents.

2. On October 27, 2006, counsel for Vanderbilt caused to be issued a subpoena *duces tecum* and a*d testificandum* directed to Rachlin (the "Rachlin Subpoena"), who is a Senior Patent Counsel for non-party Glaxo. A copy of the Rachlin Subpoena is attached hereto as Exhibit "A." The subpoena was accompanied by the prescribed witness and mileage fees from King of Prussia, Pennsylvania, for Rachlin's attendance at the deposition, set to occur at the offices of Bifferato, Gentilotti, Biden & Balick, L.L.C., 1308 Delaware Avenue, Wilmington, Delaware 19806 on Wednesday, November 8, 2006 at 10:00 a.m. As indicated on the Proof of Service, Rachlin was served with the subpoena on October 30, 2006.

3. On November 2, 2006, Mary Bourke, Esq. sent a letter to Vanderbilt's counsel identifying herself as counsel for Rachlin and Glaxo and asserting objections to the Rachlin Subpoena. On the basis of those objections, and Rule 45 of the Federal Rules of Civil Procedure, Rachlin's counsel stated that Rachlin would not produce the requested documents and would not appear for the deposition. A copy of that correspondence is attached hereto as Exhibit "B."

4. On November 3, 2006, counsel for Vanderbilt responded to counsel for Rachlin's November 2, 2006 correspondence, pointed out the obvious flaws in the asserted objections, and expressly stated that, unless the documents were produced, Vanderbilt would proceed with an immediate motion to compel. Vanderbilt further pointed out that Rachlin's objections did not provide a basis under Rule 45 for his failure to appear at the deposition and stated that if Rachlin failed to appear, Vanderbilt would file an additional motion to compel and would seek an order

holding Rachlin in contempt of this Court. A copy of Vanderbilt's letter is attached hereto as Exhibit "C".

5. In the afternoon of Friday, November 3, 2006 Rachlin's counsel telephoned Vanderbilt's counsel and asked whether Vanderbilt would agree to abandon the Rachlin Subpoena in return for Glaxo's making witnesses available for deposition in Europe. Vanderbilt's counsel responded that Vanderbilt would take the proposal under advisement and respond as soon as possible, and that the proposal would require ICOS' agreement to consent to an extension of the fact discovery deadline established by the Court's Scheduling Order. At 6:49 a.m. on November 7, Vanderbilt's counsel advised Rachlin's counsel via e-mail that Rachlin's proposal was unacceptable and that Vanderbilt would proceed with the Rachlin deposition as scheduled in Wilmington on November 8, 2006. At 8:44 a.m. on November 7, Rachlin's counsel responded to Vanderbilt's counsel via e-mail: "I will call you to discuss." A copy of that e-mail exchange is attached hereto as Exhibit "D." That call was never received.

6. On November 8, 2006, counsel for Vanderbilt traveled from Columbia, Maryland to the offices of Bifferato, Gentilotti, Biden & Balick, L.L.C. in Wilmington, Delaware for purposes of Rachlin's deposition. A court reporter was present. Neither Rachlin nor his counsel appeared, nor did they produce documents responsive to the Rachlin Subpoena. Vanderbilt's counsel made a record of his appearance and the absence of Rachlin and Rachlin's counsel, a copy of which is attached hereto as Exhibit "E." While neither Rachlin nor his counsel advised Vanderbilt of their intention to ignore Rachlin's obligations under the Rachlin Subpoena, they apparently advised ICOS, as no one appeared on ICOS' behalf.

7. On the afternoon of November 10, 2006, two days after failing to appear for the deposition, Rachlin's counsel sent an e-mail to Vanderbilt's counsel again requesting that Vanderbilt abandon the Rachlin subpoena that Rachlin had already flagrantly ignored. The e-mail made no mention of or excuse for Rachlin's failure to appear.

8. Glaxo has direct knowledge related to the fact that Alain Daugan is not the sole inventor of the inventions described in the Patents-at-Issue. Glaxo also has direct knowledge of why Alain Daugan was listed as the sole inventor on the Patents-at-Issue. On information and belief, Rachlin has communicated such information regarding the Patents-at-Issue and the inventorship issues raised in Vanderbilt's Complaint to ICOS and ICOS' counsel. Rachlin has also assembled and produced to ICOS' counsel over 15,000 pages of documents that are relevant to those issues. Vanderbilt is entitled to know the source of those documents and the terms under which they were provided. Rachlin's testimony and production of documents pursuant to the subpoena, therefore, are both directly relevant to the claims asserted in this action.

9. Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure provides that if an objection to a subpoena is made, then the party serving the subpoena "may, upon notice to the person commanded to produce, move at any time for an order to compel the production." Furthermore, Rule 45(e) of the Federal Rules of Civil Procedure provides that failure by any person "without adequate excuse" to obey a subpoena served upon that person "may be deemed a contempt of the court from which the subpoena issued." Because a subpoena is an order of the court, "contempt sanctions are available… for the initial disobedience of the subpoena" such that "a prior court order compelling compliance with the subpoena is not invariably required." 9 MOORE'S FEDERAL PRACTICE § 45.62[3] (citations omitted).

10. There is no excuse for Rachlin's failure to comply with the subpoena *duces tecum* and a*d testificandum* served on him. The objections raised by Rachlin's counsel to the production of documents were, for the reasons set forth in Exhibit C, without merit. Regardless of their lack of merit, those objections provided no basis whatsoever for Rachlin's failure to appear for deposition. For those reasons, the Court should enter an order compelling Rachlin to appear for deposition at Vanderbilt's convenience and to produce all documents that are responsive to the Rachlin Subpoena. In addition, Rachlin's willful disregard for the subpoena and unexcused failure to appear for deposition, exacerbated by his failure to advise Vanderbilt of his intentions such that Vanderbilt incurred attorneys' and court reporter's fees and expenses, warrants a finding that Rachlin is in contempt of this Court and the imposition of appropriate sanctions.

WHEREFORE Plaintiff, Vanderbilt University moves the Court for entry of an Order:

A. Compelling Mark Rachlin to comply with the Rachlin subpoena in its entirety by appearing for deposition at Vanderbilt's convenience and producing all responsive documents;

B. Finding Mark Rachlin in contempt of this Court for failing to appear for deposition as required by the Rachlin Subpoena; and

C. Imposing appropriate sanctions upon Rachlin for his contempt of this Court.

Dated: November 13, 2006

BIFFERATO, GENTILOTTI,
BIDEN & BALICK, L.L.C.

_____
Vincent A. Bifferato, Jr. (#2465)
Ian Connor Bifferato (#3273)
Joseph K. Koury (#4272)
1308 Delaware Avenue
Wilmington, Delaware 19806
(302) 429-1900

-and-

Robert S. Brennen
Donald E. English, Jr.
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 727-6464

*Attorneys for Plaintiff,
Vanderbilt University*