# EXHIBIT "B"

# CONNOLLY BOVE LODGE & HUTZ LLP
### ATTORNEYS AT LAW

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

Mary W. Bourke
Partner

TEL (302) 888 6305
FAX (302) 658-9072
PERSONAL FAX (302) 255-4305
EMAIL mbourke@cblh.com
REPLY TO Wilmington Office

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

WEB www.cblhlaw.com

November 2, 2006

**VIA FACSIMILE**
Robert S. Brennen, Esquire
**Miles & Stockbridge, P.C.**
10 Light Street
Baltimore, MD 21202-1487

**VIA FACSIMILE**
Joseph K. Koury, Esquire
Bifferato, Gentilotti, Biden & Balick
1308 Delaware Avenue
Wilmington, DE 19806

RE: *Vanderbilt University v. Icos Corporation*
C.A. No. 05-506 (SLR)

Gentlemen:

Our firm represents Mark Rachlin and GlaxoSmithKline (hereinafter "GSK"). I write regarding Vanderbilt's subpoena addressed to GSK dated October 27, 2006 which demands the production of documents and a deponent on November 8, 2006. GSK objects to the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure for at least the following reasons (and wherever the term "document" is used in this objection, the term include electronic information as well as hard copy documents):

1. GSK objects to the subpoena to the extent that it purports to require the production of documents which are protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest privilege, or any other applicable privilege, rule, or duty of confidentiality which precludes or limits production or disclosure of information therein;

2. By virtue of its overbroad nature the subpoena calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence, and GSK objects to the extent that such irrelevant documents are sought;

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

Robert S. Brennen, Esquire
Joseph K. Koury, Esquire
November 2, 2006
Page 2

     3.     The subpoena is unduly vague precluding GSK from determining with sufficient precision the identity of the documents for which Vanderbilt University seeks production;

     4.     GSK objects to the subpoena to the extent that it calls for the production of any documents which are not in the possession, custody or control of GSK (such as, for example, documents in the possession of separate legal entities). Assuming that the objections raised herein are resolved, no documents will be produced except by GSK;

     5.     GSK objects because the subpoena was not served sufficiently in advance of its return date so as to allow GSK a reasonable amount of time within which to respond; and

     6.     GSK objects because provision has not been made to address the considerable attorneys' fees and expenses that would be incurred by GSK to respond to the subpoena.

In making the above objections, GSK is not suggesting or implying that it has documents responsive to any particular request. In view of the foregoing objections, no documents will be made available on November 8, 2006, nor will a witness be produced at that time.

I would be happy to discuss these objections with you at your convenience.

Very truly yours,

*Mary W. Bourke/pmd*

Mary W. Bourke

MWB/pmd
#497518v1