# EXHIBIT "C"

# MILES & STOCKBRIDGE P.C.

Robert S. Brennen
(410) 385-3653
rbrennen@milesstockbridge.com

November 3, 2006

**VIA FACSIMILE**
Mary W. Bourke, Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington DE 19899

Re:   *Vanderbilt University v. ICOS Corporation*
      C.A. No. 05-506 (SLR)
      Mark Rachlin, Esquire

Dear Ms Burke:

I just received a copy of your letter of November 2, 2006 regarding the upcoming deposition of Mark Rachlin. Unaware of your representation, my colleague Donald English sent a letter to Mr. Rachlin yesterday, via Federal Express, a copy of which is enclosed. As you can see, that letter enclosed three CDs containing electronic copies of documents that were produced by Glaxo to my client, Vanderbilt University, through ICOS Corporation. Of course, now that we are aware of your representation we will avoid further efforts to directly contact Mr. Rachlin.

In response to the objections you noted:

    1.    The deposition notice and subpoena were served upon Mr. Rachlin, not GlaxoSmithKline. The documents requested all relate to Mr. Rachlin's communications with ICOS Corporation, Lilly ICOS, LLC, Kevin M. Flowers, Esq., and/or the Marshall, Gerstein & Borun LLP regarding the above-referenced litigation. Mr. Rachlin, to our knowledge, has no attorney/client relationship with any of those persons or entities. By the same token, neither his employer nor its affiliates are co-defendants with any of those persons or entities. We are likewise unaware of any factual or legal basis for the assertion of a "common interest" privilege that applies in the context of a deposition subpoena.

    2.    The four categories of requested documents requested are actually quite narrow, and all are expressly limited to communications regarding the litigation, thus we see no basis for your objection that the subpoena on the grounds of being overbroad or seeking information irrelevant to the litigation.

    3.    If Mr. Rachlin applies ordinary and generally accepted definitions of the term "communications" there can be no basis for an assertion that the subpoena is vague.

## MILES & STOCKBRIDGE P.C.
Page 2

4.      If there were documents created that comprise or reflect Mr. Rachlin's communications with any or all of the four persons or entities listed, he is clearly in possession of those documents regardless of what entity or entities on whose behalf Mr. Rachlin may have been communicating.

5.      While it is certainly possible that there were voluminous communications between Mr. Rachlin and the persons and entities listed relating to the litigation, we would be surprised to learn that such volume, excluding the copies of the documents that Mr. Rachlin provided to Mr. Flowers and Marshall, Gerstein & Borun LLP for production to Vanderbilt, is so great that the related documents could not easily be assembled in two weeks time. We do not need Mr. Rachlin to bring copies of all of the documents so produced, so long as he is prepared to confirm that the documents contained on the disks we sent him yesterday were among the documents that he produced to Mr. and Marshall, Gerstein & Borun LLP for production to Vanderbilt.

6.      Again, we cannot imagine that the review of all e-mails, correspondence, and other documents comprising or relating to communications that Mr. Rachlin had with the persons and entities listed would be terribly time consuming or that it would create tremendous expense. We do not know of any legal basis for why such expenses could be shifted to Vanderbilt in any event.

For these reasons we do not believe that Mr. Rachlin's objections have any merit and, unless we receive written confirmation from you today that he intends to produce the subpoenaed documents we will proceed to file a motion to compel.

While F.R.Civ.P 45(c)(2)(B) does allow a non-party to object w/in 14 days of service to a subpoena requesting the production of documents, it does not, however, provide a basis for a deponent to refuse to appear and give testimony. We are prepared to reschedule the deposition for another date either next week or the following week, if Mr Rachlin will commit today to appear on such a rescheduled date. Otherwise we will proceed with the deposition as scheduled and if Mr Rachlin does not appear we will proceed with both a motion to compel and a separate motion for an order of contempt. Of course, if we have no choice but to obtain an order compelling the production of the documents and are unable to do so prior to Mr. Rachlin's deposition we will reserve our client's right to re-open the deposition for the purpose of inquiry relating to the documents that are ultimately produced.

I look forward to hearing from you and remain confident that we can work out a way to proceed to accomplish Vanderbilt University's legitimate discovery goals with minimal inconvenience to Mr. Rachlin and with adequate protection of any legitimate interests of his employer or employers.

MILES & STOCKBRIDGE P.C.

Page 3

Regards,

Robert S. Brennen

RSB/kac

Enclosures

cc:   (w/o enclosures)
      Joseph K. Koury, Esquire
      Donald E. English, Jr., Esquire

1132820

# MILES & STOCKBRIDGE P.C.

Donald E. English, Jr.
(410) 385-3850
Denglish@milesstockbridge.com

November 2, 2006

**VIA FEDERAL EXPRESS**
Mark Rachlin
c/o GlaxoSmithKline
709 Swedeland Road
King of Prussia, Pennsylvania 19406

Re:   Vanderbilt University v. ICOS Corporation

Dear Mr. Rachlin:

I am writing you in connection with your deposition in the above-referenced matter scheduled for Wednesday, November 8, 2006 at 10:00 a.m. We anticipate that one of the areas of inquiry at the deposition will be the circumstances through which Glaxo has produced documents to Vanderbilt through ICOS. For your convenience, we are providing the enclosed three CD's which contain copies of all of those documents.

Should you have any questions or concerns regarding this matter, please do not hesitate to contact me.

Sincerely,

Donald E. English, Jr

DEE/sml

Enclosures

cc:    (w/o enclosures)
       Richard K. Herrmann, Esquire
       Kevin M. Flowers, Esquire

BALT01:1132610v1|T3713-000003|11/2/2006