## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VANDERBILT UNIVERSITY,                )
                                      )
                    Plaintiff,        )   Civil Action No. 05-506 -SLR
          v.                          )
                                      )
ICOS CORPORATION,                     )
                                      )
                    Defendant.        )
                                      )
_____   )


## ICOS'S OPPOSITION TO VANDERBILT'S
## MOTION TO EXTEND THE FACT DISCOVERY DEADLINE

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES HITCHENS &
      WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6800
mmatterer@morrisjames.com

Kevin M. Flowers
Thomas I. Ross
Elliot C. Mendelson
Rashmi V. Gupta
Jennifer E. Flory
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 S. Wacker Drive
Chicago, Illinois 60606-6357
Tel: (312) 474-6300
Fax: (312) 474-0448

Dated: November 15, 2006

Defendant ICOS Corporation ("ICOS"), by its undersigned counsel, hereby opposes the motion of Plaintiff Vanderbilt University ("Vanderbilt") to extend the fact discovery deadline for the purpose of conducting the deposition of Dr. Ross (the "Motion").[1]

1.    The Motion should be denied because Vanderbilt has squandered months of the fact discovery period, offered no justification to excuse its lack of diligence in seeking this deposition, and now deflects its own responsibility and complains that it cannot complete the deposition before the fact discovery deadline.  ICOS will be prejudiced by extending the fact discovery deadline and, because Vanderbilt cannot even predict when the deposition will occur, granting the Motion could require alteration of the remaining deadlines in this case, which would further prejudice ICOS and inconvenience this Court.

2.    Under the express language of this Court's December 7, 2005 Scheduling Order, all fact discovery was to be *commenced* in time to be completed by November 17, 2006.  *See* Scheduling Order (Docket No. 22) at ¶ 2(b).  The parties had agreed on the discovery cutoff date and had proposed that date to the Court for inclusion in the Scheduling Order.  *See* Docket Nos. 19 and 20 at ¶ 2(b).

3.    Vanderbilt has not been diligent in seeking a deposition of Dr. Ross.[2]  Vanderbilt says that it "previously contacted Dr. Ross in an effort to schedule his deposition prior to the expiration of the current deadline."  Motion at ¶ 2.  What Vanderbilt *doesn't* tell this Court is

---

[1] As Vanderbilt notes in its Motion, on October 27, 2006 it filed a motion seeking the issuance of "Letters Rogatory" by this Court (Docket No. 50) for Dr. Ross's deposition in the UK.  This Court granted that motion yesterday.  *See* Docket No. 65.  ICOS did not and does not oppose that motion because ICOS did not and does not object to the taking of Dr. Ross's deposition, so long as it occurs by the November 17, 2006 fact discovery deadline in this case.

[2] It also bears noting that Vanderbilt did not seek the issuance of "Letters Rogatory" for a deposition of Dr. Daugan, the inventor of the compounds and methods claimed in the patents-at-issue and the one witness whose testimony might arguably be considered "critical" to Vanderbilt's case.

that, despite the fact that both Vanderbilt and ICOS listed Dr. Ross in their Rule 26(a)(1)

preliminary disclosures in *November 2005* as an individual with knowledge relevant to the

inventorship issue in this case (*see* Exhibits A and B submitted herewith), Vanderbilt did not

attempt to contact Dr. Ross to ask if he was available for a deposition until the last week of

*October 2006*, less than three weeks ago. *See* Motion at ¶ 2-3.

      4.     Vanderbilt does not, and cannot, argue that it has been diligent in its attempt to

obtain a deposition of Dr. Ross. Vanderbilt does not, and cannot, argue that it was unaware of

Dr. Ross, that it was unable to locate Dr. Ross, or that it was unable to depose Dr. Ross well

before the fact discovery cutoff in this case. Vanderbilt has known about Dr. Ross and his

potential role as a witness in this case since before this case began, and has known that fact

discovery closes on November 17, 2006 for nearly a year. Yet Vanderbilt did not lift a finger to

pursue Dr. Ross's deposition until the last week of October 2006. *See* Motion at ¶ 2-3. This is

an astounding lack of diligence regarding a fact witness that Vanderbilt asserts "possesses

information that is critical to Vanderbilt's claims . . . ." Motion at ¶ 7.[3]

---

[3] Although ICOS does not object to any effort by Vanderbilt to depose Dr. Ross before the fact-discovery deadline in this case, Vanderbilt's assertion that Dr. Ross's testimony is "critical" to its allegations that its three scientists should be listed as co-inventors on the patents-at-issue is simply not true. Document production has been completed in this case, and nothing in the thousands of pages of documents produced even suggests that whatever Vanderbilt's scientists said to Dr. Ross (or to anyone else at Glaxo) was communicated to Dr. Daugan, the inventor of the compounds and methods claimed in the patents-at-issue. ICOS also took the depositions of the three Vanderbilt scientists last week. All of them admitted that they had never communicated in any way, about anything, with Dr. Daugan. As for communications with Dr. Ross, one of the Vanderbilt scientists could not remember saying anything to Dr. Ross, and the other two could not testify that they *actually* told Dr. Ross anything that could have contributed to Dr. Daugan's conception of his inventions; rather, they could only say that they believed they "*would have*" told Dr. Ross such things. Given the lack of any evidence even suggesting that the Vanderbilt scientists actually told Dr. Ross anything supporting their allegations of co-inventorship, or that any such thing was communicated to Dr. Daugan, the inventor, Dr. Ross's testimony cannot be "critical" to Vanderbilt's case. Moreover, the Vanderbilt scientists admitted that they were not even aware of any of the compounds that Dr. Daugan invented until long after

5.    Vanderbilt asserts that extending the fact discovery deadline so that it can pursue a deposition of Dr. Ross "will not prejudice ICOS." Motion at ¶ 7. But ICOS is *per se* prejudiced by Vanderbilt's failure to comply with the discovery cutoff in this case, because it would require ICOS to divert resources to continue working on fact discovery; resources that should be devoted working on the next phase of the case, expert discovery, which is itself time-constrained.

6.    Vanderbilt also asserts that extending the fact discovery deadline so that it can pursue a deposition of Dr. Ross "will not . . . require any other modification of the existing Scheduling Order." Motion at ¶ 7. That remains to be seen. While Vanderbilt seeks an "extension" of the fact discovery deadline, it has not offered this Court or ICOS any indication as to when this deposition can or will be taken. Nor has Vanderbilt offered any suggestion as to how the remaining dates in the Scheduling Order should be revised if that deposition does not take place very soon. By agreement of the parties and this Court, this case is on a fairly tight schedule between the end of fact discovery and the trial currently scheduled to begin on March 18, 2007.[4] Now, Vanderbilt blithely asks this Court to extend the fact discovery deadline

---

Dr. Daugan filed the patent applications that led to the patents-at-issue. Consequently, the alleged "contributions" to conception that the Vanderbilt scientists say they "would have" told Dr. Ross (*i.e.*, that one should add certain substituents known in the prior art to chemical compounds completely unrelated to tadalafil or the other compounds claimed in the patents-at-issue) are wholly insufficient, as a matter of law, to support co-inventorship. *See Board of Education of Florida State Univ. v. Amer. Bioscience, Inc.*, 333 F.3d 1330, 1340 (Fed. Cir. 2003) ("Having in mind specific portions of a claimed compound is not the same as conceiving the compound with all of its components. One must have a conception of the specific compounds being claimed, with all of their component substituents . . . ."). Thus, this case could be resolved now on a motion for summary judgment.

[4] Opening expert reports are due one month from the current close of fact discovery, on December 18, 2006; the parties must identify their trial witnesses by January 9, 2007; rebuttal expert reports are due January 18, 2007; the parties' lists of rebuttal trial witnesses are due February 9, 2007; expert discovery is to be completed by February 18, 2007; depositions of fact witnesses not previously deposed must be completed by March 9, 2007; and the case is set for a

**indefinitely** until its unidentified "British solicitor" is able to submit Letters Rogatory to some "appropriate British court," until that as-yet-unidentified court issues the required commission to Dr. Ross, and until Vanderbilt is able to actually arrange for and complete the deposition.[5]

6.      It is entirely reasonable to expect, given the short notice for this deposition and the proximity to the Christmas holidays, that Dr. Ross, his UK counsel, in-house and outside counsel for his former employer, GlaxoSmithKline, and counsel for ICOS may have some significant time constraints and scheduling conflicts.  In other words, even if the Court grants the Motion, Vanderbilt has no idea when it will be able to depose Dr. Ross, and therefore no idea if that deposition can be completed without impacting other dates in the Scheduling Order (such as the December 18, 2006 deadline for opening expert reports).[6]

7.      Moreover, without any alteration of the fact discovery deadline in this case, Vanderbilt may yet have the opportunity to depose Dr. Ross anyway; the Scheduling Order

---

two-week trial beginning March 18, 2007. *See* Scheduling Order (Docket No. 22) at ¶ 10.

[5] Both ICOS and GlaxoSmithKline ("GSK"), Dr. Ross's former employer, offered to assist Vanderbilt in obtaining Dr. Ross's deposition without the need for Vanderbilt to pursue Letters Rogatory, if Vanderbilt would withdraw the two subpoenas *ad testificandum* and *duces tecum* it served on Eli Lilly and Company ("Lilly") (ICOS's joint venture partner in the Lilly ICOS LLC entity that markets Cialis®, and ICOS's exclusive licensee under the patents-at-issue) and on Mark Rachlin, Esq., in-house patent counsel for GSK (to which Lilly ICOS pays royalties on the sales of Cialis®).  By those subpoenas, Vanderbilt seeks testimony and documents regarding ICOS's communications with Lilly and GSK, communications that are protected by the common-interest privilege doctrine.  Vanderbilt rejected that offer.

[6] It should be noted that Vanderbilt's lack of diligence and disregard for the Scheduling Order has been a pattern throughout this case.  ICOS did not previously feel a need to bring this to the Court's attention, but the following examples are illustrative: on March 17, 2006, ICOS served its second set of requests for production of documents to Vanderbilt, timed such that Vanderbilt's response would be due within the April 18, 2006 deadline for the parties to complete document production in this case.  Vanderbilt's responsive production was provided three weeks late, on May 8, 2006.  Then, six months later, in October 2006, Vanderbilt produced several thousand pages of additional documents.  This seven-months-late production, for which Vanderbilt offered no explanation, includes the first production of any documents from the files of one of Vanderbilt's three alleged co-inventors, Dr. Francis.

already allows for depositions of fact witnesses who are listed as trial witnesses and were not previously deposed during fact discovery.[7]

Consequently, for the reasons stated herein, ICOS respectfully requests that the Court deny Vanderbilt's Motion requesting an extension of the fact discovery deadline in this case.

Date: November 15, 2006

By: _____

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES HITCHENS &
    WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6800
mmatterer@morrisjames.com

Kevin M. Flowers
Thomas I. Ross
Elliot C. Mendelson
Rashmi V. Gupta
Jennifer E. Flory
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 S. Wacker Drive
Chicago, Illinois 60606-6357
Tel: (312) 474-6300
Fax: (312) 474-0448

---

[7] *See* Scheduling Order (Docket No. 22) at ¶ 2(g).

5

# EXHIBIT   A

RECEIVED

NOV – 4 2005

RICHARD K. HERRMANN

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VANDERBILT UNIVERSITY          *

    Plaintiff,          *

v.          *          Case No: 1:05-cv-00506-SLR

ICOS CORPORATION          *

    Defendant.          *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### NOTICE OF SERVICE OF PLAINTIFF VANDERBILT UNIVERSITY'S
### DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26 (a)(1)

PLEASE TAKE NOTICE that on this, the 4th day of November, 2005, copies of plaintiff Vanderbilt University's Rule 26(a)(1) Disclosures were caused to be served upon the following in the manner so indicated:

**BY HAND**
Richard K. Herrmann, Esq.
Mary B. Matterer, Esq.
Morris James Hitchens & Williams LLP
222 Delaware Ave., 10th Floor
Wilmington, DE 19801

**BY MAIL**
Kevin M. Flowers, Esq.
Michael F. Borun, Esq.
Marshall, Gerstein & Borun LLP
6300 Sears Tower, 233 S. Wacker Drive
Chicago, IL 60606-6357

**BIFFERATO, GENTILOTTI, BIDEN & BALICK**

Vincent A. Bifferato, Jr. (#2465)
Ian Connor Bifferato (#3273)
Joseph K. Koury (#4272)
Bifferato, Gentilotti & Biden, P.A.
1308 Delaware Avenue
P.O. Box 2165
Wilmington, Delaware  19899
(302) 429-1900
(302) 429-8600 (fax)

*Delaware Counsel for Plaintiff,*
*Vanderbilt University*

Date Filed: 11.4.05
Docket #: 14

RECEIVED

NOV - 2 2005

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VANDERBILT UNIVERSITY       *

      Plaintiff,       *

v.       *       **Case No: 1:05-cv-00506-SLR**

ICOS CORPORATION       *

      Defendant.       *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### PLAINTIFF VANDERBILT UNIVERSITY'S DISCLOSURES
### PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26 (a)(1)

Comes now Vanderbilt University ("Vanderbilt"), by counsel, and pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and this Court's October 25, 2005 Order For Scheduling Conference hereby makes the following initial disclosures:

Introductory Statement

The following disclosures are based on the information reasonably available to Vanderbilt as of this date. Vanderbilt's disclosures represent a good faith effort to identify individuals and documents it reasonably believes are relevant to the Complaint. By making these disclosures, Vanderbilt does not represent that it is identifying every document, tangible thing or witness possibly relevant to this lawsuit.

Vanderbilt's disclosures are made without waiving: (1) the right to object to production of any document or tangible thing disclosed herein on the basis of privilege, the work product doctrine, relevance or any other valid ground; and (2) the right to object on the grounds of competence, privilege, relevance and materiality, hearsay or any other proper ground to the use of this information, for any purpose, in whole or in part, in any subsequent proceeding in this

action or any other action; and (3) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

Disclosures

(A)    The name, and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment:

1.    Jackie Corbin
       2215 Garland Avenue
       Nashville, Tennessee 37232
       Tel.: Contact through the undersigned counsel.

       Mr. Corbin may have discoverable information relating to his contributions and the contribution of other Vanderbilt scientists to the invention of the patents at issue in this case.

2.    Sharron Francis
       4350 Chickering Lane
       Nashville, Tennessee 37215
       Tel.: Contact through the undersigned counsel.

       Mrs. Francis may have discoverable information relating to her contributions and the contribution of other Vanderbilt scientists to the invention of the patents at issue in this case.

3.    Sekhar Raja Konjeti
       710 Cantrell Avenue
       Nashville, Tennessee 37215-1023
       Tel.: Contact through the undersigned counsel.

       Mr. Konjeti may have discoverable information relating to her contributions and the contribution of other Vanderbilt scientists to the invention of the patents at issue in this case.

4.    Linda McAllister
       1452 Kirtland Drive
       Ann Arbor, Michigan 48103

       Mrs. McAllister may have discoverable information relating to the contribution of

2

Vanderbilt scientists to the invention of the patents at issue in this case.

5.    Melissa Thomas
      1 Longfellow Place
      Apartment 2616
      Boston, Massachusetts 48103

      Mrs. Thomas may have discoverable information relating to the contribution of
      Vanderbilt scientists to the invention of the patents at issue in this case.

6.    Herve Coste
      Laboratoire GlaxoSmithKline
      ZA de Courtaboeuf
      25 Avenue du Quebec
      91951 Les Ulis Cedex, France
      Tel.: (1) 69 29 60 00

      Mr. Coste was employed by Glaxo during the relevant period and may have
      discoverable information relating to the invention of the patents at issue in this
      case.

7.    Alain Daugan
      Laboratoire GlaxoSmithKline
      ZA de Courtaboeuf
      25 Avenue du Quebec
      91951 Les Ulis Cedex, France
      Tel.: (1) 69 29 60 00

      Mr. Daugan was employed by Glaxo during the relevant period and may have
      discoverable information relating to the invention of the patents at issue in this
      case.

8.    G.M. Drew
      Glaxo Group Research Limited
      Park Road, Ware
      Hertfordshire, SG12 0DP, UK
      Tel.: 0920 469469

      Mr. Drew was employed by GlaxoSmithKline ("Glaxo") during the relevant
      period and may have discoverable information relating to the invention of the
      patents at issue in this case.

3

9.    Heidi Edward
      Glaxo Group Research Limited
      Park Road, Ware
      Hertfordshire, SG12 0DP, UK
      Tel.: 0920 469469

      Mrs. Edward was employed by Glaxo during the relevant period and may have
      discoverable information relating to the invention of the patents at issue in this
      case.

10.   M.W. Elves
      Glaxo Group Research Limited
      Greenford Road, Greenford
      Middlesex, UB6 0HE, UK
      Tel.: 081 422 3434

      Mr. Elves was employed by Glaxo during the relevant period and may have
      discoverable information relating to the invention of the patents at issue in this
      case.

11.   Pascal Grondin
      Laboratoire GlaxoSmithKline
      ZA de Courtaboeuf
      25 Avenue du Quebec
      91951 Les Ulis Cedex, France
      Tel.: (1) 69 29 60 00

      Mr. Grondin was employed by Glaxo during the relevant period and may have
      discoverable information relating to the invention of the patents at issue in this
      case.

12.   Francois Hyafil
      Laboratoire GlaxoSmithKline
      ZA de Courtaboeuf
      25 Avenue du Quebec
      91951 Les Ulis Cedex, France
      Tel.: (1) 69 29 60 00

      Mr. Hyafil was employed by Glaxo during the relevant period and may have
      discoverable information relating to the invention of the patents at issue in this
      case.

13.  Ronald Keeney
     Glaxo Inc. Research Institute
     Five Moor Drive
     P.O. Box 13358
     Research Triangle Park, North Carolina 27709
     Tel.: (919) 248-2100

     Mr. Keeney was employed by Glaxo during the relevant period and may have
     discoverable information relating to the invention of the patents at issue in this
     case.

14.  Jorge Kirilovsky
     Laboratoire GlaxoSmithKline
     ZA de Courtaboeuf
     25 Avenue du Quebec
     91951 Les Ulis Cedex, France
     Tel.: (1) 69 29 60 00

     Mr. Kirilovsky was employed by Glaxo during the relevant period and may have
     discoverable information relating to the invention of the patents at issue in this
     case.

15.  Don F. Kirksey
     Glaxo Inc. Research Institute
     Five Moor Drive
     P.O. Box 13358
     Research Triangle Park, North Carolina 27709
     Tel.: (919) 248-2100

     Mr. Kirksey was employed by Glaxo during the relevant period and may have
     discoverable information relating to the invention of the patents at issue in this
     case.

16.  Richard Labaudiniere
     Laboratoire GlaxoSmithKline
     ZA de Courtaboeuf
     25 Avenue du Quebec
     91951 Les Ulis Cedex, France
     Tel.: (1) 69 29 60 00

     Mr. Labaudiniere was employed by Glaxo during the relevant period and may
     have discoverable information relating to the invention of the patents at issue in
     this case.

17.   Anne-Charlotte Le Monnier de Gouville
      Laboratoire GlaxoSmithKline
      ZA de Courtaboeuf
      25 Avenue du Quebec
      91951 Les Ulis Cedex, France
      Tel.: (1) 69 29 60 00

      Ms. de Gouville was employed by Glaxo during the relevant period and may have
      discoverable information relating to the invention of the patents at issue in this
      case.

18.   David J. Levy
      Glaxo Inc. Research Institute
      Five Moor Drive
      P.O. Box 13358
      Research Triangle Park, North Carolina 27709
      Tel.: (919) 248-2100

      Mr. Levy was employed by Glaxo during the relevant period and may have
      discoverable information relating to the invention of the patents at issue in this
      case.

19.   James Louttit
      Glaxo Group Research Limited
      Park Road, Ware
      Hertfordshire, SG12 0DP, UK
      Tel.: 0920 469469

      Mr. Louttit was employed by Glaxo during the relevant period and may have
      discoverable information relating to the invention of the patents at issue in this
      case.

20.   Patsy Pasteur
      Glaxo Inc. Research Institute
      Five Moor Drive
      P.O. Box 13358
      Research Triangle Park, North Carolina 27709
      Tel.: (919) 248-2100

      Mrs. Pasteur was employed by Glaxo during the relevant period and may have
      discoverable information relating to the invention of the patents at issue in this
      case.

21.   Fiona Roberts
      Glaxo Group Research Limited
      Greenford Road, Greenford
      Middlesex, UB6 0HE, UK
      Tel.: 081 422 3434

      Mrs. Roberts was employed by Glaxo during the relevant period and may have
      discoverable information relating to the invention of the patents at issue in this
      case.

22.   Barry Ross
      Glaxo Group Research Limited
      Park Road, Ware
      Hertfordshire, SG12 0DP, UK
      Tel.: 0920 862446

      Mr. Ross was employed by Glaxo during the relevant period and may have
      discoverable information relating to the invention of the patents at issue in this
      case.

23.   Cecile Ruault
      Laboratoire GlaxoSmithKline
      ZA de Courtaboeuf
      25 Avenue du Quebec
      91951 Les Ulis Cedex, France
      Tel.: (1) 69 29 60 00

      Mr. Ruault was employed by Glaxo during the relevant period and may have
      discoverable information relating to the invention of the patents at issue in this
      case.

24.   Malcom Skingle
      Glaxo Research and Development Limited
      Gunnels Wood Road
      Stevenage, Herts, SG1 2NY, UK
      Tel.: 01438 76 3280

      Mr. Skingle was employed by Glaxo during the relevant period and may have
      discoverable information relating to the invention of the patents at issue in this
      case.

25.    Ken Ferguson
       ICOS Corporation
       22021 20th Ave. SE
       Bothell, Washington 98021
       Tel.: (425) 485-1900

       Mr. Ferguson was employed by ICOS during the relevant period and may have
       discoverable information relating to the invention of the patents at issue in this
       case.

26.    Vince Florio
       ICOS Corporation
       22021 20th Ave. SE
       Bothell, Washington 98021
       Tel.: (425) 485-1900

       Mr. Florio was employed by ICOS during the relevant period and may have
       discoverable information relating to the invention of the patents at issue in this
       case.

27.    W. Michael Gallatin
       ICOS Corporation
       22021 20th Ave. SE
       Bothell, Washington 98021
       Tel.: (425) 485-1900

       Mr. Gallatin was employed by ICOS during the relevant period and may have
       discoverable information relating to the invention of the patents at issue in this
       case.

28.    Kate Loughney
       ICOS Corporation
       22021 20th Ave. SE
       Bothell, Washington 98021
       Tel.: (425) 485-1900

       Ms. Loughney was employed by ICOS during the relevant period and may have
       discoverable information relating to the invention of the patents at issue in this
       case.

29.  Judith Woods
     ICOS Corporation
     22021 20th Ave. SE
     Bothell, Washington 98021
     Tel.: (425) 485-1900

     Ms. Woods was employed by ICOS during the relevant period and may have
     discoverable information relating to the invention of the patents at issue in this
     case.

(B)  A copy of, or a description by category and location of all documents, data

compilations, and tangible things that are in the possession, custody or control of the party and

that the disclosing party may use to support its claims or defenses, unless solely for

impeachment:

1.  All items or materials listed in Defendant's disclosures

2.  Correspondence between Vanderbilt and Icos.

3.  Correspondence between the Vanderbilt and the University of Washington.

4.  Correspondence between Vanderbilt and Glaxo.

5.  Notes and data from Vanderbilt scientists.

6.  Personal calendars from Vanderbilt scientists.

(C)  Identities of experts and their opinions:

Drs. Corbin, Francis and Konjeti, identified above, will testify both as lay witnesses and

experts within their respective fields.  As experts, they are expected to testify that, in their

respective opinions, the scientists working at the Glaxo Research Center in France could not

have developed the inventions described in the subject patents without the participation of the

Vanderbilt scientists as co-inventors and that Alan Daugan was not the sole inventor with respect

to those inventions.  Vanderbilt will identify and provide the reports of expert witnesses retained

or specifically employed to provide expert testimony and who may be used at trial to present

9

evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence in accordance with the dates set forth in the Court's Scheduling Order.

(D)    A computation of any category of damages claimed by the disclosing party; making available for inspection and copying under Rule 34, the documents and other evidentiary material not privileged or protected from disclosure, on which such computation is based:

This category of disclosure is not applicable to Vanderbilt.

(E)    For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:

This category is not applicable to Vanderbilt.

Dated: November 4, 2005
         Wilmington, DE

BIFFERATO, GENTILOTTI, BIDEN & BALICK


Vincent A. Bifferato, Jr. (#2465)
Ian Connor Bifferato (#3273)
Joseph K. Koury (#4272)
Bifferato, Gentilotti & Biden, P.A.
1308 Delaware Avenue
P.O. Box 2165
Wilmington, Delaware  19899
(302) 429-1900
(302) 429-8600 (fax)

*Delaware Counsel for Plaintiff,*
*Vanderbilt University*

# EXHIBIT   B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VANDERBILT UNIVERSITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-506 SLR |
| | ) | |
| ICOS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF SERVICE

PLEASE TAKE NOTICE that on the 14th day of November, 2005, copies of the

following document, **DEFENDANT'S INITIAL DISCLOSURES PURSUANT TO FED. R.**

**CIV. P. 26(a)(1),** were served on counsel as indicated:

**VIA HAND DELIVERY**
Ian Connor Bifferato, Esq.
Joseph K. Koury, Esq.
Bifferato Gentilotti Biden & Balick, P.A.
1308 Delaware Avenue
Wilmington, DE 19806

**VIA EMAIL**
Robert S. Brennan, Esq.
Miles & Stockbridge, P.C.
10 Light Street
Baltimore, MD 21202
410.727.6464
rbrennan@milesstockbridge.com

Dated: November 14, 2005

    */s/ Richard K. Herrmann*
Richard K. Herrmann (I.D. # 405)
Mary B. Matterer (I.D. #2696)
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6800
mmatterer@morrisjames.com

Attorneys for Defendant ICOS Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VANDERBILT UNIVERSITY,        )<br>)<br>Plaintiff,    )<br>)<br>v.            )<br>)<br>ICOS CORPORATION,     )<br>)<br>Defendant.    )<br>)<br>)              | Civil Action No.: 05-506 -SLR |

## DEFENDANT'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and this Court's

October 25, 2005 Order For Scheduling Conference, Defendant ICOS Corporation ("ICOS")

makes the following initial disclosures based on knowledge available to date:

**A.    The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

ICOS identifies the following individuals who may have discoverable information that

ICOS may use to support its claims or defenses in this action. ICOS provides this identification

without any concession, agreement, admission or waiver of any ultimate determination of

relevance or admissibility of particular information, evidence or testimony, for any purpose, and

without waiver of any attorney-client privilege or work-product immunity. In making these

disclosures, ICOS does not consent to or authorize Plaintiff's communication with ICOS

employees, officers, directors or attorneys, whether presently or formerly employed or retained

by ICOS, and does not consent to or authorize any communication otherwise prohibited by any

applicable code or rule of professional conduct.  ICOS may supplement the list of individuals

who may have discoverable information as more information becomes available.

Jackie Corbin
2215 Garland Avenue
Nashville, Tennessee

Dr. Corbin may have discoverable information relating to his alleged contribution, and the
alleged contribution of other Vanderbilt scientists, to the inventions claimed in the patents-in-
suit.

Sharron Francis
4350 Chickering Lane
Nashville, Tennessee

Dr. Francis may have discoverable information relating to her alleged contribution, and the
alleged contribution of other Vanderbilt scientists, to the inventions claimed in the patents-in-
suit.

Sekhar Raja Konjeti
710 Cantrell Avenue
Nashville, Tennessee

Dr. Konjeti may have discoverable information relating to his alleged contribution, and the
alleged contribution of other Vanderbilt scientists, to the inventions claimed in the patents-in-
suit.

Linda McAllister
1452 Kirtland Drive
Ann Arbor, Michigan

Ms. McAllister may have discoverable information relating to the alleged contribution of
Vanderbilt scientists to the inventions claimed in the patents-in-suit.

Melissa Thomas
1 Longfellow Place
Apt. 2616
Boston, Massachusetts

Ms. Thomas may have discoverable information relating to the alleged contribution of
Vanderbilt scientists to the inventions claimed in the patents-in-suit.

Mandel & Adriano
55 S. Lake Avenue
Pasadena, California

One or more attorneys at the Mandel & Adriano firm may have discoverable information relating to when Vanderbilt first had notice of the existence of patent application(s) filed by Glaxo disclosing the inventions claimed in the patents-in-suit.

Miles & Stockbridge P.C.
1751 Pinnacle Drive
Suite 500
McLean, Virginia
Telephone: (703) 903-9000

One or more attorneys at the Miles & Stockbridge firm may have discoverable information relating to when Vanderbilt first had notice of the existence of patent application(s) filed by Glaxo disclosing the inventions claimed in the patents-in-suit.

Alain Claude-Marie Daugan
Laboratoire GlaxoSmithKline
ZA de Courtaboeuf
25 Avenue du Quebec
91951 Les Ulis Cedex, France
Tel. (1) 69 29 60 00

Mr. Daugan may have discoverable information relating to the inventions claimed in the patents-in-suit.

Pascal Grondin
Laboratoire GlaxoSmithKline
ZA de Courtaboeuf
25 Avenue du Quebec
91951 Les Ulis Cedex, France
Tel. (1) 69 29 60 00

Mr. Grondin may have discoverable information relating to the inventions claimed in the patents-in-suit.

Francois Hyafil
Laboratoire GlaxoSmithKline
ZA de Courtaboeuf
25 Avenue du Quebec
91951 Les Ulis Cedex, France
Tel. (1) 69 29 60 00

Mr. Hyafil may have discoverable information relating to the inventions claimed in the patents-in-suit.

Jorge Kirilovsky

Laboratoire GlaxoSmithKline
ZA de Courtaboeuf
25 Avenue du Quebec
91951 Les Ulis Cedex, France
Tel. (1) 69 29 60 00

Mr. Kirilovsky may have discoverable information relating to the inventions claimed in the patents-in-suit.

Richard Labaudiniere
258 Western Avenue
Sherborn, MA 01770

Mr. Labaudiniere may have discoverable information relating to the inventions claimed in the patents-in-suit.

Anne-Charlotte Le Monnier de Gouville
Laboratoire GlaxoSmithKline
ZA de Courtaboeuf
25 Avenue du Quebec
91951 Les Ulis Cedex, France
Tel. (1) 69 29 60 00

Ms. de Gouville may have discoverable information relating to the inventions claimed in the patents-in-suit.

Cecile Ruault
Laboratoire GlaxoSmithKline
ZA de Courtaboeuf
25 Avenue du Quebec
91951 Les Ulis Cedex, France
Tel. (1) 69 29 60 00

Ms. Ruault may have discoverable information relating to the inventions claimed in the patents-in-suit.

Francoise Gellibert
Laboratoire GlaxoSmithKline
ZA de Courtaboeuf
25 Avenue du Quebec
91951 Les Ulis Cedex, France
Tel. (1) 69 29 60 00

Mr. Gellibert may have discoverable information relating to the inventions claimed in the patents-in-suit.

Herve Coste
Laboratoire GlaxoSmithKline
ZA de Courtaboeuf
25 Avenue du Quebec
91951 Les Ulis Cedex, France
Tel. (1) 69 29 60 00

Mr. Coste may have discoverable information relating to the inventions claimed in the patents-in-suit.

Bernard Dumaitre
Laboratoire GlaxoSmithKline
ZA de Courtaboeuf
25 Avenue du Quebec
91951 Les Ulis Cedex, France
Tel. (1) 69 29 60 00

Mr. Dumaitre may have discoverable information relating to the inventions claimed in the patents-in-suit.

Barry Ross
Glaxo Group Research Ltd.
Park Road, Ware
Hertfordshire, SG12 0DP, UK
Tel. 0920 862446

Mr. Ross may have discoverable information relating to the inventions claimed in the patents-in-suit.

Kenneth Ferguson
ICOS Corporation
22021 20th Avenue
Bothell, Washington
Tel. (425) 485-1900

Dr. Ferguson may have discoverable information relating to the inventions claimed in the patents-in-suit.

Vincent Florio
ICOS Corporation
22021 20th Avenue
Bothell, Washington
Tel. (425) 485-1900

Dr. Florio may have discoverable information relating to the inventions claimed in the patents-in-suit.

Kate Loughney
ICOS Corporation
22021 20th Avenue
Bothell, Washington
Tel. (425) 485-1900

Dr. Loughney may have discoverable information relating to the inventions claimed in the patents-in-suit.

Kerry Fowler
ICOS Corporation
22021 20th Avenue
Bothell, Washington
Tel. (425) 485-1900

Dr. Fowler may have discoverable information relating to the inventions claimed in the patents-in-suit.

Richard Gelinas
CellTech Chiroscience
1631 220th Street SE
Bothell, Washington
Tel. (425) 489-8000

Dr. Gelinas may have discoverable information relating to the inventions claimed in the patents-in-suit.

James B. Hicks
9020 SW Washington Square Road
Suite 450
Tigard, Oregon
Tel. (503) 626-1144

Dr. Hicks may have discoverable information relating to the inventions claimed in the patents-in-suit.

Christopher Henney
Xcyte Therapies, Inc.
1124 Columbia Street, Suite 130
Seattle, Washington
Tel. (206) 262-6200

Dr. Henney may have discoverable information relating to the inventions claimed in the patents-in-suit.

**B.    A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

ICOS identifies the following categories of documents that may contain information that ICOS may use to support its claims or defenses in this action. ICOS provides this identification without any concession, agreement, admission or waiver of any ultimate determination of the relevance or admissibility of particular information, evidence or testimony, for any purpose, and without waiver of any attorney-client privilege or work product immunity. To the extent other documents are discovered and deemed relevant, they may also be produced. ICOS's production of business documents may be held in abeyance until a suitable protective order governing the handling of highly confidential information is entered in this case.

1.    All items or materials listed in Plaintiff's Fed. R. Civ. P. 26(a)(1) disclosures.

2.    Correspondence between Glaxo and ICOS.

3.    Documents received by ICOS from Glaxo.

4.    Correspondence between Vanderbilt and ICOS.

5.    Internal ICOS documents relating to the inventions claimed in the patents-in-suit.

6.    Documents at Vanderbilt, the Mandel & Adriano law firm, and/or the Miles & Stockbridge law firm regarding Vanderbilt's first notice of the existence of patent applications filed by Glaxo disclosing the inventions claimed in the patents-in-suit.

**C. Identities of experts and their opinions.**

ICOS will identify and provide the reports of expert witnesses retained or specifically employed to provide expert testimony and who may be used at trial to present evidence under

Fed. R. Civ. P. 702, 703 or 705 in accordance with the dates set forth in the Scheduling Order to

be entered in this action.

**D. A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

ICOS is not aware of any computation of any category of damages which can be made

available for inspection or copying.

**E.      For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

ICOS is not aware of any insurance agreement under which any person carrying on an

insurance business may be liable to satisfy part or all of a judgment which may be entered in this

action or to indemnify or reimburse for payments made to satisfy the judgment.

Respectfully submitted,

Date:  November 14, 2005                    By: _____
                                            Michael F. Borun
                                            Kevin M. Flowers
                                            Thomas I. Ross
                                            MARSHALL, GERSTEIN & BORUN LLP
                                            6300 Sears Tower
                                            233 S. Wacker Drive
                                            Chicago, Illinois  60606-6357
                                            Tel:  (312) 474-6300
                                            Fax:  (312) 474-0448

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November, 2005, I electronically filed the

foregoing document, **NOTICE OF SERVICE**, with the Clerk of the Court using CM/ECF

which will send notification of such filing to the following:

Ian Connor Bifferato, Esq.
Joseph K. Koury, Esq.
Bifferato Gentilotti Biden & Balick, P.A.
1308 Delaware Avenue
Wilmington, DE 19806


Additionally, I hereby certify that on the 14th day of November, 2005, the foregoing

document was served via email on the following non-registered participant:


Robert S. Brennan, Esq.
Miles & Stockbridge, P.C.
10 Light Street
Baltimore, MD 21202
410.727.6464
rbrennan@milesstockbridge.com


*/s/ Richard K. Herrmann*
_____

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6800
mmatterer@morrisjames.com

Attorneys for Defendant ICOS Corporation