# Exhibit A

## Brennen, Robert S.

**From:** Kevin Flowers [kflowers@marshallip.com]
**Sent:** Thursday, November 16, 2006 6:28 PM
**To:** Brennen, Robert S.
**Subject:** RE: Interviews with "Unavailable" [sic] Witnesses

Bob:

First, it was not "apparent" from any of my conversations with you thus far that I, my colleagues, and/or ICOS employees have "interviewed" the individuals you identify in your e-mail below. You and I have not discussed anything about any contact between anyone affiliated with ICOS and any of the current or former Glaxo employees you identify in your e-mail below. Your assertion otherwise is a misrepresentation. The only issue I discussed with you in regard to current or former Glaxo employees was to convey an offer by Glaxo to use its best efforts to make Drs. Ross, Grondin and Daugan available for depositions in this case (which included a request by ICOS for Vanderbilt to withdraw its subpoenas served on Eli Lilly and GlaxoSmithKline, which ICOS views as inappropriate and harrassing). You summarily rejected that offer.

Second, any conversations between ICOS counsel and current or former Glaxo employees regarding "matters at issue in the litigation" would be protected from discovery by the attorney-client privilege and attorney work-product immunity, and that privilege or immunity regarding communications with current or former Glaxo employees would be maintained due to the common-interest privilege that applies to communications between GlaxoSmithKline and ICOS regarding such matters.

Third, the provision in Fed. R. Civ. P. 26(b)(3) allowing discovery of "documents and intangible things prepared in anticipation of litigation or for trial by or for another party . . . (including the other party's attorney . . . )" would not be applicable to your request, because Vanderbilt would not be able to make "a showing that [it] has substantial need of the materials in the preparation of [its] case and . . . is unable without undue hardship to obtain the substantial equivalent of the materials by other means." The current or former Glaxo employees you identify in your email below were not "unavailable" to Vanderbilt in this case, including the late Dr. Hyafil. Nothing (except its own lack of diligence) prevented Vanderbilt from seeking an "interview" with any of these individuals (all but Dr. Linget were identified in Vanderbilt's own Fed. R. Civ. P. 26(a)(1) disclosures as individuals with knowledge relevant to Vanderbilt's case) through informal or formal (e.g., Hague Convention Treaty) procedures, beginning at least as early as November 2005.

Sincerely,

Kevin

> -----Original Message-----
> **From:** Brennen, Robert S. [mailto:RBRENNEN@MilesStockbridge.com]
> **Sent:** Wednesday, November 15, 2006 9:04 AM
> **To:** Kevin Flowers
> **Subject:** Interviews with Unavailable Witnesses
>
> Dear Kevin,
>
> It was apparent from our conversations last week that you and/or your colleagues, and/or ICOS employees have had the opportunity to interview Pascal Grondin and Alain Daugan, and possibly Herve Coste, Francois Hyafil, Jorge Kirilovsky, Anne-Charlotte Le Monnier de Gouville, Jean Michel Linget, and Cecile Ruault in connection with the matters at issue in the litigation If that is the case, then all of the notes, transcripts and other recordings of those interviews should have been produced to Vanderbilt University in connection with ICOS' responses to Vanderbilt's interrogatories and document requests. Such documents and things are not protected from discovery by work product or any other legitimate privilege,

and, even if they could legitimately be characterized as work product, they would be nonetheless discoverable under F.R.Civ.P. 26(b)(3). For these reasons, we ask that all such documents and things be produced immediately

Regards,

Bob Brennen

MILES & STOCKBRIDGE P.C.
Robert S. Brennen

Direct Dial: 410.385.3653
Fax: 410.385.3700
rbrennen@milesstockbridge.com

10 Light Street, Baltimore, MD 21202-1487
www.milesstockbridge.com

bio    vcard    location

==========================================================================
In accordance with Internal Revenue Service rules, any federal tax advice provided in this communication is not intended or written by the author to be used, and cannot be used by the recipient, for the purpose of avoiding penalties which may be imposed on the recipient by the IRS. Please contact the author if you would like to receive written advice in a format which complies with IRS rules and may be relied upon to avoid penalties.

Confidentiality Notice:
This e-mail, including any attachment(s), is intended for receipt and use by the intended addressee(s), and may contain confidential and privileged information. If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use or distribution of this e-mail is strictly prohibited, and requested to delete this communication and its attachment(s) without making any copies thereof and to contact the sender of this e-mail immediately. Nothing contained in the body and/or header of this e-mail is intended as a signature or intended to bind the addressor or any person represented by the addressor to the terms of any agreement that may be the subject of this e-mail or its attachment(s), except where such intent is expressly indicated.
==========================================================================

The material in this transmission contains confidential information intended only for the addressee. If you are not the addressee, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies, and notify Marshall, Gerstein & Borun LLP by telephone (312) 474-6300. Thank you.
*************************************************************************

11/22/2006