# Exhibit C

**Brennen, Robert S.**



```
    -----Original Message-----
From:        Kevin Flowers [mailto:kflowers@marshallip.com]
Sent: Tuesday, November 14, 2006 12:07 AM Eastern Standard Time
To:   Rommel, Kurt C.
Cc:   Thomas Ross
Subject:   RE: Ferguson/ICOS Deposition
```

Kurt,

ICOS stands by its instructions to Dr. Ferguson at his deposition  The communications with Dr. Ross referred to by Dr. Ferguson in his deposition testimony are subject to attorney-client privilege and attorney work-product immunity, including privilege and work-product immunity resulting from a common legal interest (i.e., a community of interest) between ICOS and GlaxoSmithKline with respect to the subject of those communications  The points (a)-(c) to which you refer in your e-mail are irrelevant to the existence of this common legal interest and the maintenance of the privilege, as are the mischaracterizations in your e-mail.

Kevin

```
-----Original Message-----
From: Rommel, Kurt C  [mailto:krommel@MilesStockbridge.com]
Sent: Friday, November 10, 2006 10:20 AM
To: Kevin Flowers
Cc: Brennen, Robert S.
Subject: Ferguson/ICOS Deposition
```

Kevin:

At the deposition of Kenneth Ferguson/ICOS designee, I inquired of conversations that occurred in a meeting in London attended by you, Dr. Ferguson, Dr. Barry Ross (a former employee of Glaxo) and perhaps others. Dr. Ferguson testified that the purpose of that meeting was to discuss the Vanderbilt lawsuit. You instructed Dr. Ferguson not to respond to my questions regarding statements by Dr. Ross and others at that meeting based upon the presence in that meeting of "attorneys for ICOS," on the grounds of an alleged attorney-client privilege. You conceded, however, that (a) you did not represent Dr. Ross, (b) you did not represent Glaxo, and (c) there is no joint defense agreement between Glaxo and ICOS. When I asked you to reconsider your instruction, after some reflection, you asserted that the communications were "subject to privilege based on a common interest privilege between ICOS and Glaxo." (This colloquy appears in the draft transcript at pages 85-86.)

There is no legal or factual basis for such an instruction. Vanderbilt demands that you withdraw the objection and make Dr. Ferguson available to respond to this line of questions at a time and location convenient to Vanderbilt. If you refuse to do so, we will have no alternative but to file a motion to compel and seek other appropriate relief from the Court.

Please let us know your position.

Best wishes,

Kurt

Kurt C. Rommel
703-610-8634
krommel@MilesStockbridge.com <http://milesstockbridge.datapointinc.com/Images/krommel.map>

================================================================
In accordance with Internal Revenue Service rules, any federal tax advice provided in this communication is not intended or written by the author to be used, and cannot be used by the recipient, for the purpose of avoiding penalties which may be imposed on the recipient by the IRS. Please contact the author if you would like to receive written advice in a format which complies with IRS rules and may be relied upon to avoid penalties.

Confidentiality Notice:
This e-mail, including any attachment(s), is intended for receipt and use by the intended addressee(s), and may contain confidential and privileged information. If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use or distribution of this e-mail is strictly prohibited, and requested to delete this

communication and its attachment(s) without making any copies thereof and to contact the sender of this e-mail immediately. Nothing contained in the body and/or header of this e-mail is intended as a signature or intended to bind the addressor or any person represented by the addressor to the terms of any agreement that may be the subject of this e-mail or its attachment(s), except where such intent is expressly indicated.
========================================================================

The material in this transmission contains confidential information intended only for the addressee. If you are not the addressee, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies, and notify Marshall, Gerstein & Borun LLP by telephone (312) 474-6300. Thank you.
************************************************************************

3