IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VANDERBILT UNIVERSITY,            )
                                  )
            Plaintiff,            )
                                  )
       v.                         )
                                  )  Civil Action No.: 05-506 - SLR
ICOS CORPORATION,                 )
                                  )
            Defendant.            )
                                  )

**DECLARATION OF KEVIN M. FLOWERS**

I, Kevin M. Flowers, declare as follows:

1. I am a partner at Marshall, Gerstein & Borun LLP in Chicago, Illinois, and trial counsel for ICOS Corporation ("ICOS") in this action.

2. I submit this Declaration in support of GlaxoSmithKline's Opposition to Plaintiff's "Motion For Order Compelling Compliance with Subpoena Served on Mark Rachlin and for the Imposition of Contempt Sanctions on Mark Rachlin" filed on November 13, 2006 (Docket No. 64) ("the Motion"). Statements made herein are based on my personal knowledge.

3. As of November 7, 2006, I was aware that Vanderbilt had served a *subpoena ad testificandum* and *duces tecum* on Mark Rachlin, in-house counsel for GlaxoSmithKline ("Glaxo"), requesting a deposition on November 8 in Wilmington Delaware. I was surprised that Vanderbilt had selected this date for the deposition, given that ICOS and Vanderbilt had already agreed that ICOS was to take the deposition of Dr. Jackie Corbin, one of the Vanderbilt Scientists alleged to be a co-inventor on the patents-at-issue, on that same day in Nashville, Tennessee.

4. Although Vanderbilt did not copy ICOS on any of the correspondence between it and Glaxo regarding the subpoena served on Mr. Rachlin (or any of its previous correspondence with Glaxo regarding Vanderbilt's attempts to seek production of documents or witnesses from Glaxo), as of

November 7, 2006, I had been informed by Ms. Mary Bourke (counsel for Glaxo and Mr. Rachlin) that Glaxo had served Vanderbilt with objections to the subpoena.

5.  Based on the provisions in Fed. R. Civ. P. 45 regarding objections to a subpoena, I understood that the deposition would not take place on November 8. Therefore, neither I nor any other counsel for ICOS traveled to the offices of local counsel for Vanderbilt in Wilmington for the deposition on November 8.

6.  I also understood from Ms. Bourke that as of November 7, Glaxo and Vanderbilt were still negotiating about whether the deposition of Mr. Rachlin would go forward at all, because Glaxo had offered to stipulate as to the authenticity of the thousands of pages of documents that Glaxo had provided to ICOS (and that ICOS produced to Vanderbilt in this case), and because Glaxo had offered to use its best efforts to secure the depositions of three current or former Glaxo employees in Europe (Drs. Ross, Grondin and Daugan).

7.  On November 8, during the deposition of Dr. Corbin, and after having discussed the status of the negotiations between Glaxo and Vanderbilt with Ms. Bourke the previous evening, I reiterated the offer to Mr. Brennen regarding the Rachlin deposition and the Glaxo witnesses. Mr. Brennen did not indicate that Vanderbilt had already rejected the offer by Glaxo. Instead, he indicated that he would have to discuss the offer with his client. Later that same day, Mr. Brennen sent me an e-mail message summarily rejecting the offer.

8.  In the Motion, Vanderbilt states that "Glaxo has direct knowledge related to the fact that Alain Daugan is not the sole inventor of the inventions described in the Patents-at-Issue. Glaxo also has direct knowledge of why Alain Daugan was listed as the sole inventor on the Patents-at-Issue. On information and belief, Mr. Rachlin has communicated such information regarding the Patents-at-Issue and the inventorship issues raised in Vanderbilt's Complaint to ICOS and ICOS's counsel." Motion at p.

4, ¶ 7. I believe that any communications between Mr. Rachlin and counsel for ICOS about the substantive issues in this case are immune from discovery by Vanderbilt under the attorney-client privilege and/or the attorney work-product immunity doctrine, and that such privilege and/or immunity has not been waived because ICOS and Glaxo share a common legal interest in the subject matter of such communications.

9.    In the Motion, Vanderbilt also states that "Rachlin has also assembled and produced to ICOS's counsel over 15,000 pages of documents that are relevant to those issues. Vanderbilt is entitled to know the source of those documents and the terms under which they were provided." Motion at p. 4, ¶ 8. All of the thousands of pages of documents provided by Glaxo to ICOS that contain information even remotely relevant to the issue of whether any of the Vanderbilt Scientists made any contribution to the inventions claimed in the patents-at-issue have been produced to Vanderbilt. The "sources" of those documents are evident from the documents themselves (and were confirmed at the recent deposition by Vanderbilt of Dr. Richard Labaudiniere, a former Glaxo scientist who worked with Dr. Daugan during the relevant time period). Moreover, I understand that Glaxo has offered to stipulate to those documents' authenticity (and ICOS has not disputed, and has no intention of disputing, the authenticity of those documents).

10. As to Vanderbilt's assertion that the deposition of Mr. Rachlin should go forward because "Vanderbilt is entitled to know the terms under which [the Glaxo documents] were provided," the fact of the matter is that there were no such "terms." ICOS requested that Glaxo produce all documents containing information relevant to the inventions claimed in the patents-at-issue, and after some consideration, Glaxo agreed to provide the documents to ICOS for production to Vanderbilt in this case. The only proviso was that ICOS would designate documents containing Glaxo's confidential information as "Confidential" under the Protective Order entered in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and understanding.

Executed on November 27, 2006 in Chicago, Illinois.

*[signature]*

Kevin M. Flowers (*pro hac vice*)
Marshall, Gerstein & Borun L.L.P.
(302) 429-1900
6300 Sears Tower
233 S. Wacker Drive
Chicago, Illinois  60606-6357
(312) 474-6300

*Trial Counsel for Defendant,*
*ICOS Corporation*

## CERTIFICATE OF SERVICE

I, James D. Heisman, hereby certify that on this 28th day of November, 2006, I caused a true and correct copy of the foregoing **Declaration of Kevin M. Flowers** to be delivered to the following individuals in the manner indicated below:

*Via Federal Express*
Robert S. Brennan, Esq.
Miles & Stockbridge, P.C.
10 Light Street
Baltimore, MD 21202-1487

*Via Federal Express*
Kevin M. Flowers, Esq.
Marshall, Gerstein & Borun L.L.P.
6300 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606-6357

*Via Hand Delivery*
Joseph K. Koury, Esq.
Bifferato Gentilotti Biden & Balick, P.A.
1308 Delaware Avenue
Wilmington, DE 19806

/s/ James D. Heisman
James D. Heisman (# 2746)