IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VANDERBILT UNIVERSITY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Civil Action No.: 05-506-SLR |
| | ) |
| ICOS CORPORATION, | ) |
| | ) REDACTED VERSION DI 74 |
|     Defendant. | ) |
| | ) |

## DECLARATION OF MARK RACHLIN

I, Mark Rachlin, declare as follows:

1. I am Senior Patent Counsel in the Litigation Coordination Group of GlaxoSmithKline ("GSK") in King of Prussia, PA. I submit this declaration in opposition to Vanderbilt University's ("Vanderbilt") Motion for order compelling compliance with subpoena and for imposition of contempt sanctions (hereinafter "Motion") in the above captioned matter. Within GSK, I am the lawyer assigned to manage matters related to Vanderbilt's suit. GSK is not a party to the litigation.

2. In this case, Vanderbilt asserts that three of its scientists should be named as co-inventors on two U.S. patents 5,859,006 and 6,140,329 ("the patents in suit") originally applied for by Laboratorie Glaxo Wellcome S.A., a subsidiary of GSK. The two patents are listed in the Orange Book as covering the drug tadalafil, marketed by ICOS as Cialis®.

3. Pursuant to a 1997 assignment agreement,

**REDACTED**

**REDACTED**

GSK and ICOS share a common legal interest in defending the ownership of the assigned patent rights, the ICOS patents in suit.

4. Earlier this year, counsel for Vanderbilt contacted GSK's legal department in the United Kingdom. I responded to Vanderbilt's counsel and informed him that "to the extent Vanderbilt seeks discovery of information from GSK we ask that you follow the appropriate procedure." (*see* attached Exhibit 2).

5. Counsel for Vanderbilt then asked whether I would accept service of a document subpoena. (*see* attached Exhibit 2). I informed Mr. Brennen that GSK was producing documents to ICOS and that ICOS would provide responsive documents to Vanderbilt. I explained to Mr. Brennen that the relevant documents in some instances covered several projects and required redaction to remove information that did not relate to the drug compound at issue, tadalafil. I explained to Mr. Brennen that counsel for ICOS would redact the information on an outside counsel's eyes only basis and that I believed ICOS would produce the relevant responsive documents to him. Mr. Brennen accepted this offer and agreed not to serve a document subpoena.

6. Paragraph 8 of Vanderbilt's Motion states that "Glaxo has direct knowledge that Alain Daugan is not the sole inventor of the inventions described in the Patents-at-Issue" and that "On information and belief, Rachlin has communicated such information regarding the Patents-at-Issue and the inventorship issues raised in Vanderbilt's Complaint to ICOS and

ICOS' counsel." First, GSK asserts that communications between counsel for GSK and counsel for ICOS are part of an on-going joint defense effort and as such are privileged under the common interest doctrine. Second, GSK has offered to make Dr. Daugan as well as Dr. Grondin, another Glaxo scientist, available for deposition in France on January 11th and 12th. As presently advised, these individuals are still holding these dates open.

7. Paragraph 8 of Vanderbilt's motion states that "Rachlin has also assembled and produced to ICOS' counsel over 15,000 pages of documents that are relevant to those issues. Vanderbilt is entitled to know the source of those documents and the terms under which they were provided." What Vanderbilt fails to mention is that ICOS produced the documents to Vanderbilt. Further, Vanderbilt's statement that Vanderbilt is entitled to know "the source of the documents and the terms under which they were provided" is also misleading. I expressly told Mr. Brennen that the documents came from GSK's research program and that ICOS agreed to redact information not relevant to the case from the documents and then produce the documents to Vanderbilt. Further, GSK has offered to stipulate to the authenticity of the documents or provide a custodial deposition.

8. GSK is not a party to this litigation. Vanderbilt never sought to add GSK as a party to the litigation. GSK has never refused to cooperate. To the contrary, when counsel for Vanderbilt served me with the instant subpoena, I immediately engaged Ms. Mary Bourke, Esq., to represent myself and GSK. To avoid the unnecessary time and expense of my deposition which would be inquiring into privileged communications, we offered the following to Mr. Brennan:

- a stipulation to authenticate the Glaxo documents that had been produced by ICOS in this litigation;

504061                                3

- efforts to get Dr. Ross (ex-Glaxo) to voluntarily sit for a deposition in the U.K. at a mutually agreeable time;

- efforts to make Drs. Daugan and Grondin, the inventor and another Glaxo scientist, available for deposition in France at a mutually agreeable time.

As presently advised, Drs. Ross, Daugan and Grondin are still holding certain dates for deposition at my request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and understanding. Executed on November 28, 2006 in King of Prussia, PA.

*Mark Rachlin*
Mark Rachlin
Senior Patent Counsel
Litigation Coordination Group of
GlaxoSmithKline
P.O. Box 1539
709 Swedeland Road
King of Prussia, PA  19406-0939

Redacted Version:
December 7, 2006

## CERTIFICATE OF SERVICE

I, James D. Heisman, hereby certify that on this 28th day of November, 2006, I caused a true and correct copy of the foregoing **Declaration of Mark Rachlin** to be delivered to the following individuals in the manner indicated below:

*Via Federal Express*
Robert S. Brennan, Esq.
Miles & Stockbridge, P.C.
10 Light Street
Baltimore, MD 21202-1487

*Via Hand Delivery*
Joseph K. Koury, Esq.
Bifferato Gentilotti Biden & Balick, P.A.
1308 Delaware Avenue
Wilmington, DE 19806

*Via Federal Express*
Kevin M. Flowers, Esq.
Marshall, Gerstein & Borun L.L.P.
6300 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606-6357

/s/ James D. Heisman
James D. Heisman (# 2746)

Redacted Version:
December 7, 2006