## E-Mail Request for Emergency Relief

1. Case Number:     05-cv-506-SLR

2. Check the box that applies:

   ✓ Requesting a teleconference with the parties and the court
      Requesting an in-person conference with the parties and the court
      Requesting either of the above listed options at the court's determination

3. BRIEFLY describe the reason for this **emergency** request:

   On December 18, 2006, Plaintiff Vanderbilt served Defendant ICOS with an "Expert Report" from Mr. Gerald J. Mossinghoff, an attorney at the law firm Oblon, Spivak in Washington D.C. In his expert report, Mr. Mossinghoff offers opinions solely about, in his words, "[t]he rules and procedural requirements regarding the filing and prosecution of patent applications in the USPTO and the grant of U.S. patents by the USPTO, and the matter of joint inventorship of an invention." This is exactly the type of testimony that the Court's "Guidelines: Legal Expert Testimony in Patent Cases" prohibits. ICOS seeks an order barring Mr. Mossinghoff from testifying in this case. ICOS seeks this relief now so as to avoid having to retain an expert to submit a rebuttal report on such legal issues (which would be due January 26) and to avoid the burden of an unnecessary deposition of Mr. Mossinghoff.

   *Any text added beyond the limits of this space will be disregarded by the court.

4. Name of opposing counsel contacted about this request: Robert S. Brennen

5. Response of opposing counsel to this request:

   "I believe that the standing order makes exception for [extra]ordinary cases, and this case certainly qualifies."

6. Name of local counsel making this request: Richard K. Herrmann

7. Today's Date: 1-5-07

*********************************************************************************

For court use only:

☐ A teleconference will be held on _____ to be coordinated and initiated by

☐ An in-person discovery conference will be held on:

☒ Other: ```
The court will address the matter at the pretrial
conference, if it is identified as a matter in dispute in
the proposed pretrial order.  If the court agrees with
defendant, plaintiff will be required to pay the costs of
any responding expert defendant engages to address Mr.
Mossinghoff's expert report.
```

**Opposing Counsel's Response to E-Mail Request for Emergency Relief**

1. Case Number:        05-cv-506-SLR

2. BRIEFLY state your response to the **emergency** request made by opposing counsel:

    ICOS' request is a Motion in Limine prohibited by paragraph 8 of the Scheduling Order. As provided therein, the issue should be addressed at the pretrial conference and during trial. Second, ICOS has had Commissioner Mossinghoff's report since December 18, 2006---almost three weeks---making their "emergency" request for relief untimely. Third, the issue is not appropriately dealt with in an emergency e-mail request without allowing (i) the Court the ability to review Commissioner Mossinghoff's full report and (ii) Vanderbilt the opportunity to brief its position. Finally, Vanderbilt's Complaint seeks an order directing the Commissioner of the USPTO to correct two patents pursuant to 35 U.S.C. § 256. The issue in the case is inventorship, rather than infringement, and there is uncontradicted evidence from third-party Glaxo's own scientist that the patents do not accurately identify the inventors. Thus, this is an extraordinary case in which Commissioner Mossinghoff's testimony would be helpful to the trier of fact.

*Any text added to beyond the limits of this space will be disregarded by the court.

3. Name of local counsel submitting this response: Joseph K. Koury (#4272)

4. Today's Date: 1/8/07

*********************************************************************************