# BIFFERATO GENTILOTTI LLC
*Attorneys at Law*

800 N. KING STREET, PLAZA LEVEL
POST OFFICE BOX 2165
WILMINGTON, DE 19899-2165

(302) 429-1900
TELECOPIER: (302) 429-8600

WRITER'S E-MAIL: JED@BGBDE.COM

April 2, 2007

**VIA E-FILE & HAND DELIVERY**

The Honorable Sue L. Robinson
Chief Judge
United States District Court for the
 District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Room 6124
Wilmington, Delaware 19801

      Re:   *The Vanderbilt University v. ICOS Corporation*
             Civil Action No. 05-506 SLR

Dear Judge Robinson:

Your Honor will recall that counsel participated with the Court in a scheduling conference call this past Friday, March 30, 2007 during which a schedule was adopted for the completion of fact discovery, the identification and deposition of experts, and trial. At the close of the call the Court directed Vanderbilt's counsel to prepare a draft order, circulate it among counsel, and then forward an agreed upon version to the Court. As explained below, the parties have been unable to agree on language with respect to the service of expert reports.

Enclosed is a copy of the proposed order that Vanderbilt prepared and circulated to counsel. As Your Honor can see, with respect to expert reports it states simply:

        b. Plaintiff's Expert reports will be produced no later than June 15, 2007;

        c. Defendant's Expert reports will be produced no later than July 15, 2007

ICOS has requested the following language:

The Honorable Sue L. Robinson
April 2, 2007
Page 2

      b. Plaintiff's Supplemental Expert Reports (addressing new issues raised by the documents, things, and/or testimony produced in this action since December 18, 2006, or relying upon information in those documents, things, and/or testimony as further support for the opinions presented in Plaintiff's Opening Expert Reports served on December 18, 2006) will be served no later than June 15, 2007;

      c. Defendant's Rebuttal Expert Reports will be served no later than July 15, 2007;

The e-mail chain reflecting the arguments back and forth is also enclosed.

Vanderbilt served its original document requests upon ICOS in December 2005. The original fact discovery deadline in this matter was November 18, 2006. Prior to that deadline Vanderbilt had sought discovery from ICOS and Glaxo relating to Glaxo's development of the compounds reflected in the patents at issue, and explanation of the source and identity of the Glaxo documents that had been produced as of that time, and documents relating to ICOS' interviews of Glaxo scientists residing in France, all of which are relevant to the claims asserted and to expert opinions that Vanderbilt might seek to introduce at trial. ICOS' refusal to produce such information resulted in Vanderbilt pursuing several motions to compel and led to a discovery conference on December 12, 2006. At the conference it was determined that Vanderbilt's discovery requests would be addressed through depositions of three Glaxo scientists in England and France during the first two weeks of January 2007, and that any remaining discovery issues would be discussed at a discovery conference to be held on January 29, 2007. In the meantime, Vanderbilt submitted expert reports, based upon the information that had already been produced, on December 18, 2006.

The depositions of former Glaxo scientist Barry Ross and Glaxo scientists Pascal Grondin and Alain Daugan in January 2007 provided information to Vanderbilt that had not been produced previously with respect to the identity, significance and meaning of Glaxo documents. During those depositions it was also revealed that ICOS had failed to produce a number of relevant documents relating to the development of the compounds at issue, particularly relating to Glaxo's use of databases containing information provided by Vanderbilt. ICOS produced approximately another 300 pages of documents at that time. At the January 29 conference Vanderbilt brought these facts to the Court's attention and stated that it was clear that additional and as of then un-produced documents existed that should have been produced in January 2006 in response to Vanderbilt's original discovery requests. The Court provided Vanderbilt with an additional 30 days within which to pursue discovery issues raised by the recently produced information.

As Mr. Brennen stated in last Friday's teleconference, since January 29 ICOS has produced approximately 9,000 pages in additional documents. At least 1,000 pages of those documents related to Glaxo's development of the compounds and the information

The Honorable Sue L. Robinson
April 2, 2007
Page 3

provided to Glaxo by Vanderbilt, but had nothing to do with the database issues. Vanderbilt maintains that all of the 10,000 or so pages of documents that ICOS has produced since January 1, 2007, representing about 1/3 of the total pages ICOS has produced throughout the entire case, should have been produced to Vanderbilt in January 2006, twelve months before the original deadline for the designation of Vanderbilt's experts. And, on Monday, March 26, 2007, we received answers from interrogatories from ICOS that purport to explain for the first time the sources of all of the Glaxo documents, including the 14,000 pages that were produced from July through October 2006.

As Mr. Brennen also stated in Friday's teleconference, Vanderbilt has no desire to "reinvent the wheel" with respect to experts in this matter. However, to the extent that the documents that ICOS has only lately provided, viewed in the context of and combination with all of the information produced to date, either give rise to additional opinions on the part of Vanderbilt's previously identified experts or warrant the designation of additional experts, Vanderbilt must have the opportunity to rely upon those opinions. Vanderbilt should not be restricted from relying upon the new information only to the extent that it supports the opinions that were reached without the benefit of that information as requested by ICOS. Otherwise Vanderbilt could be unfairly prejudiced by circumstances created by the fact that ICOS only produced the information after the original deadline for plaintiff's expert reports.

Vanderbilt would request that the Court enter the scheduling order as set forth in the enclosed draft. If the Court deems that revisions are necessary Vanderbilt's counsel will make those revisions and submit a revised order. Of course, Vanderbilt is prepared to participate in a further teleconference or in-person conference with the Court and counsel to address this issue should the Court deem that necessary.

Respectfully Submitted,

JAMES E. DRNEC

JED:jjh

Enclosures

xc:  Robert S. Brennen, Esq. (via electronic mail)
     Kevin M. Flowers, Esq. (via electronic mail)
     Richard K. Hermann, Esq. (via electronic mail)
     Kurt C. Rommel, Esq. (via electronic mail)