## Brennen, Robert S.

| | |
|---|---|
| **From:** | Kevin Flowers [kflowers@marshallip.com] |
| **Sent:** | Monday, April 02, 2007 2:03 PM |
| **To:** | Brennen, Robert S. |
| **Cc:** | James E. Drnec; Rommel, Kurt C.; Thomas Ross; Rashmi Gupta; Elliot Mendelson; rherrmann@morrisjames.com |
| **Subject:** | RE: Proposed Supplemental Scheduling Order |
| **Attachments:** | SUPPLEMENTAL SCHEDULING ORDER 3-30-07 (ICOS red-line edits 2).doc |

Bob:

Your point about the deposition testimony taken after December 18, 2006 is absolutely correct, and I've revised the proposed language in the attached document to reflect that.

The problem with your points (1) and (2) is that they are vague enough to be inconsistent with Judge Robinson's unequivocal instructions at the January hearing, i.e., that any further expert reports are limited to discussing the new discovery that has been produced since December 18, 2006. Our proposed language in the attached document will permit Vanderbilt's experts to rely on the new discovery to raise a completely new issue, not previously addressed by either party's experts, or to rely on the new discovery to support opinions that Vanderbilt's experts already disclosed in their opening expert reports. If Vanderbilt seeks anything beyond those two (such as relying on documents produced since December 18 to opine on issues that they could have addressed in their opening reports based on documents and testimony produced before December 18, but didn't) (and I can't tell if that's what Vanderbilt is seeking), then that is outside of Judge Robinson's instructions, and Vanderbilt needs to file a motion seeking permission to do so.

Kevin

> -----Original Message-----
> **From:** Brennen, Robert S. [mailto:RBRENNEN@MilesStockbridge.com]
> **Sent:** Monday, April 02, 2007 12:13 PM
> **To:** Kevin Flowers
> **Cc:** James E. Drnec; Rommel, Kurt C.
> **Subject:** FW: Proposed Supplemental Scheduling Order
>
> Kevin,
>
> Unless I missed it, we never received a response to my message below.
> Vanderbilt must retain the ability to proffer (1) expert opinions that arise solely from the documentation, interrogatory answers and deposition testimony that has been produced since December 18, 2006; (2) expert opinions that arise from the documentation, answers to interrogatories and deposition testimony that was received prior to December 18, 2006 to the extent that such information has been clarified or explained by the documentation, answers to interrogatories and deposition testimony after that date. Vanderbilt should not be prejudiced by the fact that ICOS did not produce 1/3 of its documents and did not provide the depositions of Drs. Ross, Grondin and Daugan until after December 18, 2006.
>
> For these reasons, Vanderbilt cannot accept ICOS' proposed revisions. In the meantime, we need to submit something to the Court. Please let me know by 3 p.m EDT whether ICOS will accept Jim Drnec's draft. If not or we do not hear from you we will advise the Court that the parties are unable to agree on a proposed order.
>
> Regards,
>
> Bob Brennen

**From:** Brennen, Robert S.
**Sent:** Friday, March 30, 2007 2:27 PM
**To:** 'Kevin Flowers'; James E. Drnec; Connor Bifferato; Rommel, Kurt C.; mbourke@cblh.com
**Cc:** Thomas Ross; Rashmi Gupta; Elliot Mendelson; rherrmann@morrisjames.com
**Subject:** RE: Proposed Supplemental Scheduling Order

Kevin,

The additional new language is also not acceptable. If, as a result of the newly produced information, one of our expert forms an opinion that was not expressed in the earlier reports, we may add that opinion; the use of the newly produced information cannot be limited to further supporting prior opinions.

Bob

---

**From:** Kevin Flowers [mailto:kflowers@marshallip.com]
**Sent:** Friday, March 30, 2007 1:58 PM
**To:** Brennen, Robert S.; James E. Drnec; Connor Bifferato; Rommel, Kurt C.; mbourke@cblh.com
**Cc:** Thomas Ross; Rashmi Gupta; Elliot Mendelson; rherrmann@morrisjames.com
**Subject:** RE: Proposed Supplemental Scheduling Order

Bob,

To the extent the new documents contain information that raises a wholly new issue, or Vanderbilt's experts rely upon the new documents for further support for the opinions expressed in their opening expert reports served on 12/18/06, ICOS would not object. Attached is a red-line proposing additional language on this point.

Kevin

> -----Original Message-----
> **From:** Brennen, Robert S. [mailto:RBRENNEN@MilesStockbridge.com]
> **Sent:** Friday, March 30, 2007 12:47 PM
> **To:** Kevin Flowers; James E. Drnec; Connor Bifferato; Rommel, Kurt C.; mbourke@cblh.com
> **Cc:** Thomas Ross; Rashmi Gupta; Elliot Mendelson; rherrmann@morrisjames.com
> **Subject:** RE: Proposed Supplemental Scheduling Order
>
> Kevin,
>
> At the hearing the only information that was anticipated related solely to database issues but, as you know, a thousand pages or more of documents that have nothing to do with the database were produced. Vanderbilt is not going to change its position If you insist on putting the objectionable language in the order we are prepared to go back to the judge. Please advise and we will ask Judge Robinson whether we can have it out over the phone or appear in Court.
>
> Bob
>
> ---
>
> **From:** Kevin Flowers [mailto:kflowers@marshallip.com]
> **Sent:** Friday, March 30, 2007 1:36 PM
> **To:** Brennen, Robert S.; James E. Drnec; Connor Bifferato; Rommel, Kurt C.; mbourke@cblh.com
> **Cc:** Thomas Ross; Rashmi Gupta; Elliot Mendelson; rherrmann@morrisjames.com
> **Subject:** RE: Proposed Supplemental Scheduling Order

Bob,

We can get the transcript of this morning's conference from the court reporter, but I stated ICOS's position on this issue during the conference, and you didn't disagree, as far as I recall (indeed, during your opening monologue, I thought you essentially said the same thing, viz-a-viz "re-inventing the wheel" on expert reports). Given the parties' apparent agreement on this point during the conference, I don't believe there was anything for the Judge to "express her view" about.

In any event, I don't see how this can still be a point of dispute: during the January conference, the Judge said that it is "definitely the case" that any supplemental expert reports would be limited to the "new information that might come in" (1/29/07 Hrg Tr. at 31:16-32:10):

> THE COURT: I would think so and I would think when we get back together we'll have to schedule supplemental reports **based on the new information that might come in.**
>
> MR. FLOWERS: So **if there are new discovery facts put in**, there might be supplemental expert reports?
>
> THE COURT: Yes.
>
> MR. FLOWERS: Okay. **As long as they are limited to new information**, we have no objection.
>
> THE COURT: **That is definitely the case.** Sometimes harder to enforce than say, but **definitely the case.**

The Judge's instructions are precisely captured in the language we are proposing for inclusion in the supplemental scheduling order. There is no basis for Vanderbilt to object to the inclusion of that language. Consequently, there is no reason to burden the Court with this already-resolved issue.

We would appreciate your submitting the proposed order containing ICOS's changes to the Court at your earliest opportunity.

Regards,

Kevin

> -----Original Message-----
> **From:** Brennen, Robert S. [mailto:RBRENNEN@MilesStockbridge.com]
> **Sent:** Friday, March 30, 2007 12:08 PM
> **To:** Kevin Flowers; James E. Drnec; Connor Bifferato; Rommel, Kurt C.; Jennifer Harris; mbourke@cblh.com
> **Cc:** Thomas Ross; Rashmi Gupta; Elliot Mendelson; rherrmann@morrisjames.com
> **Subject:** RE: Proposed Supplemental Scheduling Order
>
> Kevin,
>
> After Vanderbilt proposed the schedule to the Court ICOS expressed its views with respect to restricting the scope of the expert reports. The Court did not state that the reports would be restricted or otherwise indicate that it adopted ICOS's view. Vanderbilt cannot accept the insertion of "Supplemental" or the proposed parenthetical in Paragraph 1.b. As you pointed out in your remarks, there probably won't be an issue. We can either argue to the Judge about it if and when there is one, or argue about it now.
>
> Bob

**From:** Kevin Flowers [mailto:kflowers@marshallip.com]
**Sent:** Friday, March 30, 2007 1:00 PM
**To:** James E. Drnec; Connor Bifferato; Rommel, Kurt C.; Brennen, Robert S.; Jennifer Harris; mbourke@cblh.com
**Cc:** Thomas Ross; Rashmi Gupta; Elliot Mendelson; rherrmann@morrisjames.com
**Subject:** RE: Proposed Supplemental Scheduling Order

All:

We have set out our proposed changes to the order in red-line in the attached.

Regards,

Kevin


-----Original Message-----
**From:** James E. Drnec [mailto:jed@bgbde.com]
**Sent:** Friday, March 30, 2007 9:53 AM
**To:** Thomas Ross; Rashmi Gupta; Kevin Flowers; rherrmann@morrisjames.com; mbourke@cblh.com; Connor Bifferato; krommel@MilesStockbridge.com; Brennen, Robert S.
**Cc:** Jennifer Harris
**Subject:** Proposed Supplemental Scheduling Order

Dear Counsel:

please review the attached and provide comments.

Sincerely,

Jim

Jim Drnec
**Bifferato**
**Gentilotti LLC**
800 N. King Street| Wilmington, DE 19801
Tel.: (302) 429-1900 | Main fax: (302) 429-8600
email: jed@bgbde.com | web: www.bgbde.com
Attention: To update your records, please note that our firm name and street address have changed. Thank you.

This Electronic Message contains privileged client attorney communications from the law firm of Bifferato Gentilotti LLC. The information is intended to be for the use of the addressee only. If you are not the addressee, note that any disclosure, copying, distribution or use of the contents of this message is prohibited.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U S federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein

The material in this transmission contains confidential information intended only for the addressee. If you are not the addressee, any disclosure or use of this information by you is strictly prohibited If you have received this transmission in error, please delete it. destroy all copies, and notify Marshall, Gerstein & Borun by telephone (312)

474-6300. Thank you

**************************************************************

===================================================================

In accordance with Internal Revenue Service rules, any federal tax advice provided in this communication is not intended or written by the author to be used, and cannot be used by the recipient, for the purpose of avoiding penalties which may be imposed on the recipient by the IRS. Please contact the author if you would like to receive written advice in a format which complies with IRS rules and may be relied upon to avoid penalties.

Confidentiality Notice:
This e-mail, including any attachment(s), is intended for receipt and use by the intended addressee(s), and may contain confidential and privileged information. If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use or distribution of this e-mail is strictly prohibited, and requested to delete this communication and its attachment(s) without making any copies thereof and to contact the sender of this e-mail immediately. Nothing contained in the body and/or header of this e-mail is intended as a signature or intended to bind the addressor or any person represented by the addressor to the terms of any agreement that may be the subject of this e-mail or its attachment(s), except where such intent is expressly indicated.

===================================================================

===================================================================

In accordance with Internal Revenue Service rules, any federal tax advice provided in this communication is not intended or written by the author to be used, and cannot be used by the recipient, for the purpose of avoiding penalties which may be imposed on the recipient by the IRS. Please contact the author if you would like to receive written advice in a format which complies with IRS rules and may be relied upon to avoid penalties.

Confidentiality Notice:
This e-mail, including any attachment(s), is intended for receipt and use by the intended addressee(s), and may contain confidential and privileged information. If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use or distribution of this e-mail is strictly prohibited, and requested to delete this communication and its attachment(s) without making any copies thereof and to contact the sender of this e-mail immediately. Nothing contained in the body and/or header of this e-mail is intended as a signature or intended to bind the addressor or any person represented by the addressor to the terms of any agreement that may be the subject of this e-mail or its attachment(s), except where such intent is expressly indicated.

===================================================================

===================================================================

In accordance with Internal Revenue Service rules, any federal tax advice provided in this

communication is not intended or written by the author to be used, and cannot be used by the recipient, for the purpose of avoiding penalties which may be imposed on the recipient by the IRS. Please contact the author if you would like to receive written advice in a format which complies with IRS rules and may be relied upon to avoid penalties.

Confidentiality Notice:
This e-mail, including any attachment(s), is intended for receipt and use by the intended addressee(s), and may contain confidential and privileged information. If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use or distribution of this e-mail is strictly prohibited, and requested to delete this communication and its attachment(s) without making any copies thereof and to contact the sender of this e-mail immediately. Nothing contained in the body and/or header of this e-mail is intended as a signature or intended to bind the addressor or any person represented by the addressor to the terms of any agreement that may be the subject of this e-mail or its attachment(s), except where such intent is expressly indicated.

==================================================================