IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VANDERBILT UNIVERSITY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>ICOS CORPORATION, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No.: 05-506-SLR |

**PLAINTIFF'S MOTION FOR CORRECTION OF THE DOCKET**

Plaintiff, Vanderbilt University ("Vanderbilt"), by its undersigned counsel, hereby moves the Court, pursuant to Fed. R. Civ. P. 39, for an Order correcting the civil docket in the above-captioned matter to reflect that the case is set for a jury trial.

1. Vanderbilt filed its Complaint and Jury Demand on July 20, 2005. The Jury Demand is reflected on the Civil Docket attached hereto as Exhibit A.

2. On December 7, 2005, the Court entered its initial Scheduling Order, which set the trial for March 19, 2007. The December 7, 2005 Scheduling Order did not provide that the trial was set for a bench trial; however, the docket entry (#22) that was made on December 7, 2005 reflecting the Scheduling Order does indicate that the trial was set for a bench trial. A copy of the December 7, 2005 Scheduling Order is attached hereto as Exhibit B.

3. On April 4, 2007, the Court entered a Supplemental Scheduling Order, which set the trial for January 3, 2008. The April 4, 2007 Supplemental Scheduling Order similarly did not provide that the trial was set for a bench trial; however, the docket entry (#107) that was made on April 4, 2007 reflecting the Supplemental Scheduling Order does indicate that the trial is set for a

bench trial. A copy of the April 4, 2007 Supplemental Scheduling Order is attached hereto as Exhibit C.

4. Federal Rule of Civil Procedure 39 provides

> [w]hen a trial by jury has been demanded . . . the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States.

Fed. R. Civ. Proc. 39.

5. Vanderbilt has not entered into any agreement with ICOS to consent to a bench trial. In addition, ICOS has not moved the Court to strike the Jury Demand. Further, the Court has not issued an order finding that Vanderbilt does not have a statutory or Constitutional right to a trial by jury on its Complaint.

6. As a result of the fact that: (1) Vanderbilt made a jury demand; (2) Vanderbilt has not consented to a bench trial; (3) there has been no motion by ICOS with respect to the jury demand; (4) the Court has not issued an Order striking the jury demand; and (5) the December 7, 2005 and April 4, 2007 Scheduling Orders do not reflect a bench trial, the docket should be corrected to reflect that the trial is set for a jury trial.

WHEREFORE Plaintiff, Vanderbilt University moves the Court for entry of an Order correcting the civil docket, specifically, docket entries #22 and #107, to reflect that the trial is set for a jury trial.

Dated: October 23, 2007

Respectfully submitted,

*/s/ Ian Conner Bifferato*

Vincent A. Bifferato, Jr. (#2465)
Ian Conner Bifferato (#3273)
Chad J. Toms (#4155)
Bifferato Gentilotti LLC
800 North King Street, Plaza Level
Wilmington, DE 19801
(302) 429-1900

-and-

Robert S. Brennen
Donald E. English, Jr.
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, MD 21202
(410) 727-6464

Attorneys for Plaintiff,
Vanderbilt University