IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VANDERBILT UNIVERSITY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 05-506-SLR |
| ) | |
| ICOS CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO ICOS'S MOTION TO STRIKE VANDERBILT'S JURY DEMAND AND REPLY TO ICOS CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO CORRECT THE DOCKET

Vincent A. Bifferato, Jr. (#2465)
Ian Conner Bifferato (#3273)
Chad J. Toms (#4155)
Bifferato Gentilotti LLC
800 North King Street, Plaza Level
Wilmington, DE 19801
(302) 429-1900

-and-

Robert S. Brennen
Donald E. English, Jr.
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, MD 21202
(410) 727-6464

Attorneys for Plaintiff,
Vanderbilt University

## TABLE OF CONTENTS

I.    Nature and State of the Proceedings ............................................................... 1

II.    Summary of Argument .................................................................................... 2

III.   Answering Counterstatement of Facts ............................................................ 3

IV.   Argument ........................................................................................................ 5

       A.    Constitutional Right to a Jury Trial ........................................................ 5

       B.    A Claim to Recover Intellectual Property Due to the Nonjoinder of an Inventor Was a Legal Claim Prior to 1791 ........................................... 6

       C.    Restoring the Property Rights in a Patent to the Proper Inventors is a Legal Remedy ................................................................................... 9

       D.    The Question of Whether There is a Right to a Jury for a 35 U.S.C. § 256 Has Not Been Decided By Any Court ................................................ 10

V.    Conclusion .................................................................................................... 13

## TABLE OF AUTHORITIES

**CASES**

*Allstate Ins. Co. v. Rossi Auto Body, Inc.*,
  787 A.2d 742 (Del.Super. 2001) ................................................................. 7, 8, 10

*Bush v. Hillman Land Co.*,
  2 A.2d 133 (Del. Ch. 1938) ................................................................................ 8

*Chao v. Community Trust Co.*,
  474 F.3d 75 (3d Cir. 2007) ................................................................................ 6

*Cf. Troy v. City of Hampton*,
  756 F.2d 1000 (4th Cir. 1985), *cert. denied*, 474 U.S. 864 (1985) ................... 6

*Clark v. Holland*,
  86 F.3d 1178 (Fed. Cir. 1996) ......................................................................... 12

*Consolidated Fruit Jar Co. v. Wright*,
  94 U.S. 92 (1876) .............................................................................................. 7

*Dombeck v. Milwaukee Value Co.*,
  40 F.3d 230 (7th Cir. 1994) .............................................................................. 6

*Eli Lilly v. Aradigm*,
  376 F.3d 1352 (Fed. Cir. 1996) ....................................................................... 12

*Environ Products, Inc. v. Furon Company*,
  215 F.3d 1261 (Fed. Cir. 2000) ....................................................................... 12

*Ethicon, Inc. v. United State Surgical Corp.*,
  921 F.Supp. 901 (D. Conn. 1995) ................................................................... 11

*Feltner v. Columbia Pictures Television, Inc.*,
  523 U.S. 340 (1998) .......................................................................................... 5

*Gardco Mfg., Inc. v. Herst Lighting Co.*,
  820 F.2d 1209 (Fed. Cir. 1987) ....................................................................... 12

*General Tire & Rubber Co. v. Watson-Bowman Assoc., Inc.*,
  74 F.R.D. 139 (D. Del. 1977) .......................................................................... 12

*Granfinanciera, S.A. v. Nordberg*,
  492 U.S. 33 (1989) ...................................................................................... 5, 10

*Great American Insurance Co. v. Johnson*,
    25 F.2d 847 (4th Cir. 1925), *cert. denied*, 278 U.S. 629 (1928)..........................................6

*Great-West Life & Annuity Inc. Co. v. Knudsen*,
    534 U.S. 204 (2002)..........................................................................................................9

*Hurwitz v. Hurwitz*,
    136 F.2d 796 (D.C. Cir. 1943)..........................................................................................6

*In re Markel*,
    254 A.2d 236 (Del.1969)................................................................................................10

*Ind. Lumbermens Mut. Ins. Co. v. Timberland Pallet and Lumber Co.*,
    195 F.3d 368 (8th Cir. 1999)............................................................................................6

*K-Tek Corp. v. Lovett*,
    924 F.Supp. 57 (M.D. La. 1996)....................................................................................11

*Laskaris v. Thornburgh*,
    733 F.2d 260 (3d Cir. 1984)..............................................................................................6

*Markman v. Westview Instruments, Inc.*,
    52 F.3d 967 (Fed. Cir. 1995)............................................................................................9

*Maktel International, Inc. v. Priceline.com*,
    138 F.Supp. 2d 1210 (N.D. Cal. 2001)..........................................................................12

*Mowry v. Whitney*,
    81 U.S. 434 (1871)............................................................................................................6

*Pannu v. Iolab*,
    155 F.3d 1344 (Fed. Cir. 1998)......................................................................................12

*Schum v. Intel Corp. et al.*,
    499 F.3d 1272 (Fed. Cir. 2007)......................................................................................10

*Transworld Manufacturing Corp. v. Al-Nyman & Sons, Inc. et. al*,
    750 F.2d 1552 (Fed. Cir. 1552)......................................................................................12

*U.S. Industries, Inc. v. Norton Co.*,
    184 U.S.P.Q (BNA) 187, 190 (N.D.N.Y. 1974)............................................................12

*U.S. v. Stone*,
    69 U.S. 525, 535 (1864)....................................................................................................9

*Whitehead v. Shattuck*,
    128 U.S. 146 (1891)..................................................................................................7, 10

*Whiteside Biomechanics, Inc. v. Samofar Danek Group*,
    88 F.Supp. 2d 1009 (E.D. Mo. 2000)............................................................................11

*Yeda v. Imclone*,
    443 F.Supp. 2d 570 (S.D.N.Y. 2006).............................................................................11

**STATUTES**

35 U.S.C. § 256..............................................................................................2, 5, 6, 10, 11

35 U.S.C. § 261..............................................................................................................7

**OTHER AUTHORITIES**

1 Am. Jur. 2d. *Actions* § 23 (2007) .................................................................................8

8 Wright & Miller, *Federal Practice and Procedure* § 2887 (2007) ..............................6

66 Am. Jur. 2d. *Replevin* § 1 (2007) ...............................................................................7

Sir Edward Coke, *Fourth Part of the Institutes of the Laws of England; Concerning the Jurisdiction of Court* 79-80 (1671) ..........................................................................7, 8, 9

William Tidd, *The Practice of the Courts of the King's Bench and Common Pleas Volume 2* 1094-96 (4th ed. 1856) ................................................................................7, 9

**RULES**

Fed. R. Civ. P. 39.............................................................................................................2

Fed. R. Civ. P. 38.............................................................................................................3

Fed. R. Civ. P. 49.............................................................................................................3

L.R. 47.1(a)......................................................................................................................3

L.R. 51.1(a)..................................................................................................................3, 4

L.R. 51.1(c)..................................................................................................................3, 4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VANDERBILT UNIVERSITY,        )<br>                              )<br>          Plaintiff,          )<br>                              )<br>     v.                       )<br>                              )<br>ICOS CORPORATION,             )<br>                              )<br>          Defendant.          )<br>                              ) | Civil Action No.: 05-506-SLR |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO ICOS'S MOTION TO STRIKE VANDERBILT'S JURY DEMAND AND REPLY TO ICOS CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO CORRECT THE DOCKET**

Plaintiff, Vanderbilt University ("Vanderbilt"), by its undersigned counsel, hereby submits Plaintiff's Answering Brief in Opposition to ICOS's Motion to Strike Vanderbilt's Jury Demand and Reply to ICOS Corporation's Opposition to Plaintiff's Motion to Correct the Docket.

## I.   NATURE AND STAGE OF THE PROCEEDINGS

1.   Vanderbilt filed its Complaint and Jury Demand on July 20, 2005, alleging that three of its scientists contributed to Glaxo, Inc.'s conception of inventions reflected in two U.S. patents, which include the compound Tadalafil, currently marketed as "Cialis." Those patents name one of Glaxo, Inc.'s scientists as the sole inventor of both patents. Those patents were assigned by Glaxo, Inc. to ICOS Corporation and currently still list the Glaxo, Inc. scientist as the sole inventor. Vanderbilt's Complaint requests that the Court correct the two patents

pursuant to 35 U.S.C. § 256 by adding the three Vanderbilt scientists as co-inventors of the patents.

2.   All fact and expert discovery closed on August 15, 2007. As discussed in Vanderbilt's Motion to Correct the Docket, the docket currently erroneously reflects that the case is scheduled for a bench trial beginning on January 3, 2008.

## II.   SUMMARY OF ARGUMENT

As discussed in Vanderbilt's Motion to Correct the Docket, the trial of this matter should be set for a jury trial pursuant to Fed. R. Civ. Proc. 39 based on the fact that Vanderbilt made a proper jury demand and there has been no order by this court striking that demand. In recognition of this erroneous docket entry, ICOS filed its Opposition to Plaintiff's Motion to "Correct" the Docket and Opening Brief In Support of ICOS's Motion to Strike Vanderbilt's Jury Demand (the "ICOS Motion"). Simply put, the jury demand should not be stricken by this Court because a claim for correction of inventorship is a legal claim. Historically, although an action for the nonjoinder of an inventor did not exist prior to the merger of the courts of law and equity, patent validity was determined in courts of law. Further, Vanderbilt's claim is more historically analogous to an action of replevin or detinue where the plaintiff is seeking the recovery of property, which are historically legal causes of action. In addition, the remedy sought in correction of inventorship claim is ultimately for the recovery of property, which is legal in nature and consistent with the remedies sought in replevin or detinue actions. As a result, Vanderbilt's jury demand should not be stricken by this Court.

2

### III. ANSWERING COUNTERSTATEMENT OF FACTS

1. Vanderbilt filed its Complaint and Jury Demand on July 20, 2005 pursuant to Fed. R. Civ. Proc. 38. (D.I. 1)

2. Contrary to the assertions made in ICOS's Counterstatement of Facts, the Federal Rules of Civil Procedure and the Local Rules do not require Vanderbilt to request a jury trial in connection with a proposed scheduling order. ICOS misrepresents the Local Rules by stating that the local rules require Vanderbilt to submit a due date for jury voir dire questions, jury instructions, and special verdict or interrogatories. ICOS Motion at page 6.

3. L.R. 47.1(a) states:

Voir Dire Conducted by the Court. Unless otherwise ordered by the Court: (1) The voir dire of the petit jury panel shall be conducted by the Court. (2) Any party desiring special voir dire questions of the jury panel must file a suggested form of voir dire questions at least 3 business days before the pretrial conference.

Nowhere in Rule 47.1(a) is there a requirement to submit jury voir dire questions in connection with a scheduling order. The pretrial conference is currently set for December 18, 2007. Pursuant to the Local Rule 47.1(a) and contrary to ICOS's erroneous misstatement of a relatively unambiguous rule, the jury voir dire questions would not be due until December 13, 2007.

4. Similarly, Rule 51.1(a) and (c) state:

(a) Instructions 3 Days Before Pretrial Conference. Prior to the pretrial conference of any jury trial, counsel for all parties must confer about the instructions and, at least 3 business days before the pretrial conference, counsel for plaintiff shall file written instructions reasonably anticipated to be made upon which all parties agree. If there are differences that cannot be resolved, each party shall submit its own form of proposed jury instructions in the specific area or areas where there is disagreement, accompanied by citation to supporting authority.

(c) Special Verdict or Interrogatories 3 Days Before Pretrial Conference. Any party desiring a special verdict or interrogatories, as provided for in Fed. R. Civ. P. 49, must file a suggested form of special verdict or suggested interrogatories at least 3 business days before the pretrial conference.

3

Again, the plain and unambiguous language of Local Rules 51.1(a) and (c) does not "require" Vanderbilt to include a due date for jury instructions, special verdict or interrogatories with a proposed scheduling order. ICOS's Counterstatement of the Facts is simply wrong with respect to the representations that ICOS makes relating to the Local Rules of this Court.

5. On December 7, 2005, the Court entered its initial Scheduling Order, which set the trial for March 6, 2007. The December 7, 2005 Scheduling Order did not provide that the trial was set for a bench trial; however, the docket entry (D.I. 22) that was made on December 7, 2005 reflecting the Scheduling Order does indicate that the trial was set for a bench trial.

6. On April 5, 2007, the Court entered a Supplemental Scheduling Order, which set the trial for January 3, 2008. The April 5, 2007 Supplemental Scheduling Order similarly did not provide that the trial was set for a bench trial; however, the docket entry (D.I. 107) that was made on April 4, 2007 reflecting the Supplemental Scheduling Order does indicate that the trial is set for a bench trial.

7. ICOS further distorts the rules of this Court by proposing that D.I. 22 and D.I. 107 are "text-only" orders pursuant to Section K(2) of the Delaware Procedures for ECF Filings. ICOS fails to mention that those docket entries reflect written scheduling orders, which do not indicate that the trial is set for a bench trial. There is no indication that D.I. 22 and 107 are "text-only" orders because the definition of a text-only order is that there is no written order that accompanies the "text-only" order. Here the docket entries are meant to simply reflect the written order and ICOS, again, erroneously applies an unambiguous rule of this Court in support of its motion.

## IV. ARGUMENT

### A. Constitutional Right to a Jury Trial

The Seventh Amendment to the United States Constitution preserves the right to a trial by jury "in suits at common law, where the value in controversy shall exceed twenty dollars...." U.S CONST. amend. VII. Suits at common law are not merely types of suits that common law recognized, but any suit where legal rights are to be ascertained and determined. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 348 (1998). Although the thrust of the Seventh Amendment was to preserve the right to a jury trial as it existed in 1791, the Seventh Amendment also applies to actions brought to enforce statutory rights that are analogous to common law causes of action ordinarily decided in English law courts in the late Eighteenth Century. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989).

Accordingly, to determine whether or not a particular statutory claim is legal, the Supreme Court lays out a three-prong inquiry to determine if the claim requires a jury trial upon demand. *Granfinanciera*, 492 U.S. at 42. First, courts must compare the statutory claim to Eighteenth Century actions brought in the courts of England prior to the merger of the courts of law and equity. *Id*. Second, courts examine the remedy sought and determine whether it is legal or equitable. *Id*. The second stage of this analysis is more important than the first. *Id*. If these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as a factfinder. *Id*. As evidenced in the ICOS Motion, the parties do not dispute that Congress has not assigned the resolution of an action pursuant to 35 U.S.C. § 256 to a non-Article III adjudicative body; therefore, that prong will not be discussed for the purpose of responding to the ICOS Motion.

5

The denial of the right to trial by jury in federal court is a question of law subject to de novo review. *Ind. Lumbermens Mut. Ins. Co. v. Timberland Pallet and Lumber Co.*, 195 F.3d 368, 374 (8th Cir. 1999); *see also Chao v. Community Trust Co.*, 474 F.3d 75, 79 (3d Cir. 2007) (holding review of a district court interpretation of a federal statute is reviewed de novo). The reviewing court will review any error to determine whether or not the error was harmless. *Laskaris v. Thornburgh*, 733 F.2d 260, 264 (3d Cir. 1984). Most often "the erroneous denial of a jury requires a new trial." 8 Wright & Miller, *Federal Practice and Procedure* § 2887 (2007). Only if there is insufficient evidence from which a jury could reasonably find for the opponent will the erroneous denial of a jury trial in a civil case result in harmless error. *Laskaris*, 733 F.2d at 264. Conversely, in the absence of clear Congressional intent, even if the grant of a jury trial were found to be erroneous, it would be harmless error. *See Great American Insurance Co. v. Johnson*, 25 F.2d 847, 850 (4th Cir. 1925), *cert. denied*, 278 U.S. 629 (1928); Cf. *Troy v. City of Hampton*, 756 F.2d 1000, 1003 (4th Cir. 1985) (en banc) (holding grant of a jury trial where Congressional intent is clear to be reversible error), *cert. denied*, 474 U.S. 864 (1985). Further, even if an appellate court subsequently finds clear Congressional intent in § 256, a rehearing on the merits is not required and the case only need be remanded for independent fact-finding by the judge. *Dombeck v. Milwaukee Value Co.*, 40 F.3d 230, 237 (7th Cir. 1994); *Hurwitz v. Hurwitz*, 136 F.2d 796, 799 (D.C. Cir. 1943); Wright and Miller, *supra,* § 2887.

**B.    A Claim to Recover Intellectual Property Due to the Nonjoinder of an Inventor Was a Legal Claim Prior to 1791**

In England, prior to 1791, an action for the correction of nonjoined inventors on an issued patent did not exist. ICOS erroneously attempts to connect a claim for the correction of a nonjoined inventor with an action to seek to void a patent by a writ of *scire facias*. ICOS Motion at pp. 8-9; *Mowry v. Whitney*, 81 U.S. 434, 439-40 (1871). A writ of *scire facias* was only

6

available to void a patent due to a previous patent issued on the invention, fraud, or an unlawful grant of a patent. *See* William Tidd, *The Practice of the Courts of the King's Bench and Common Pleas Volume 2* 1094-96 (4th ed. 1856); Sir Edward Coke, *Fourth Part of the Institutes of the Laws of England; Concerning the Jurisdiction of Court* 79-80 (1671). A writ of *scire facias* would not return property withheld from an individual due to the nonjoinder of an inventor in a patent; therefore, ICOS's attempt to connect the two substantially different types of actions is misplaced.

Rather, historically, it was well established that "where an action is simply for the recovery of possession of specific, real or personal property . . . the action is one at law" to which right to a trial by jury attaches. *Whitehead v. Shattuck*, 138 U.S. 146, 152 (1891); *See Allstate Ins. Co. v. Rossi Auto Body, Inc.*, 787 A.2d 742, 743, 750 (Del.Super. 2001). ICOS concedes in its Motion, that the true nature of this action is to "restore to Vanderbilt property that is currently in the exclusive possession of ICOS." ICOS Motion at page 10 (D.I. 125). The Supreme Court has long recognized that patents are property. *See, e.g., Consolidated Fruit Jar Co. v. Wright*, 94 U.S. 92 (1876) (stating "[a] patent for an invention is as much property as a patent for land. The right rests on the same foundation and is surrounded and protected by the same sanctions."). The United States Code also provides that patents are personal property. 35 U.S.C. § 261. Accordingly, Vanderbilt's action for the nonjoinder of inventors is one to recover their personal property rights. Since an action to correct inventorship of a patent is akin to a common law action to recovery property, Vanderbilt is entitled to a jury trial under the Seventh Amendment for its action to correct inventorship of the disputed patents.

7

ICOS fails to recognize that an action for nonjoinder of an inventor mirrors an action for replevin or detinue more than the voiding of a patent under a writ of *scire facias*. Vanderbilt's goal is to recover "property that is currently in the exclusive possession of ICOS." ICOS Motion at page 10 (D.I. 125). Replevin and detinue are both common law actions to recover personal property. BLACK'S Law Dictionary (Westlaw). Replevin provides a common law remedy allowing the owner of a chattel, or one who has an interest in a chattel, wrongfully taken to recover possession of the chattel. 66 Am. Jur. 2d. *Replevin* § 1 (2007); *See generally Rossi Auto Body*, 787 A.2d 742 (discussing the history of both common law and statutory replevin). Similarly, detinue is a common law action for the recovery of specific personal property unlawfully detained, although not initially unlawfully taken, by another. 1 Am. Jur. 2d. *Actions* § 23 (2007). While prior to 1791 neither action allowed for the recovery of jointly held or intangible property, this is largely because a Sheriff could not physically provide possession of an intangible or enforce joint use of physical property. See *Bush v. Hillman Land Co.*, 2 A.2d 133, 135-36 (Del. Ch. 1938). Therefore, under the first prong, while an action for replevin or detinue of joint ownership of a patent may not have been available historically, an analogy between such an action and the correction of inventorship is appropriate under the Supreme Court's Seventh Amendment analysis.

Further, even assuming *arguendo* that the voiding of a patent following a writ of *scire facias* is analogous to the joining of a co-inventor to a patent, before 1791 a writ of *scire facias* on a patent of letters was a matter of common law. Procedurally, a writ of *scire facias* could have been filed in either the King's Bench (a court of law) or in the Court of Chancery (a court of equity). Coke, 4 Inst. at 72. However, a writ of *scire facias*, while possibly initially brought in Court of Chancery, issued out of the "ordinary" or common-law side of the Court of Chancery

(called the "petty bag") rather than the "extraordinary" or equity side of the Court of Chancery. 2 Tidd, Pr. at 1094-96; *See U.S. v. Stone*, 69 U.S. 525, 535 (1864) (explaining that historically "[i]n such cases <u>courts of law</u> will pronounce [the patent] void" (emphasis added)); *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 1012-14 (Fed. Cir. 1995) (Newman, J., dissenting); Coke, 4 Inst. at 79-80. Specifically, if one filed a writ of *scire facias* and the party holding the disputed patent contested the writ, the Court of Chancery could not try the issues by a jury; instead the Chancellor delivered the record to the King's Bench where the question of the validity of a patent was presented to jury. 2 Tidd, Pr. at 1095. The Court of Chancery was the common vehicle for the initial filing of such a writ, because the Court of Chancery physically held the patents. *See id.* at 1094-96. However, any trial on a writ of *scire facias*, as opposed to a mere default or confession, would necessarily have occurred in the King's Bench, been afforded the right to a jury, and been a legal action. *See id.* at 1095-96.

### C. Restoring the Property Rights in a Patent to the Proper Inventors is a Legal Remedy

Under the second prong of the Supreme Court's test, the remedy sought is the return of specifically identifiable property, which is analogous to the remedy in an action for replevin or detinue. As explained by the Defendant ICOS, the remedy sought by Vanderbilt is to "'restore' to Vanderbilt property that is currently in the exclusive possession of ICOS."[1] ICOS Motion at page 10 (D.I. 125). As discussed above, this remedy sought is similar to the remedy that a plaintiff would seek for a replevin or detinue in that it seeks the return of property. BLACK'S

---

[1] ICOS's use of *Great-West Life & Annuity Inc. Co. v. Knudsen* is misplaced and incorrectly defines equitable relief only in the context of distinguishing between the traditionally American remedy of *assumpsit* and the traditionally equitable, restitutionary remedies of constructive trust, equitable lien, subrogation, and accounting for profits. 534 U.S. 204, 213-14 (2002). These remedies would only be appropriate if the property the Plaintiff sought were property or funds no longer in the possession of ICOS, such as if ICOS had sold the patent and Vanderbilt sought to recover from a pool of assets traced to such as sale. *See Knudsen*, 534 U.S. at 213-14. Rather, the patent ensures the property remains in possession of ICOS and Vanderbilt seeks the return of this specifically identifiable property. As a result, *Knudsen* is wholly inapplicable.

.

Law Dictionary (Westlaw). Furthermore, the evolution of replevin and detinue demonstrates that today, even more so than in the Courts of Law in Eighteenth Century England, the remedy Vanderbilt seeks is the return of property through an action of replevin or detinue. *See In re Markel,* 254 A.2d 236, 239 (Del.1969) (holding the Chancery does not have jurisdiction, because "[w]hile the right asserted in replevin is on its face a right to possession, nevertheless, it has become over the years a useful method to determine the title to goods and chattels" and that a party making such a claim "has the constitutional right to have the issue determined by a jury."); *Rossi Auto Body*, 787 A.2d at 743 (finding, as of the Nineteenth Century, in Delaware "[t]he writ of replevin…is not confined to cases of distress, and to the tortuous taking of property, but is used wherever one man claims property in the possession of another and prefers proceeding in rem for the purpose of obtaining possession of the specific property, rather than compensation in damages for its loss."). Therefore, today the action of replevin, and by inference the parallel action of detinue, is available to "anyone who claims ownership" and this recovery and possession of specific personal property is a remedy available at law, which constitutionally requires a jury. *See Shattuck,* 138 U.S at 151; *Granfinanciera,* 492 U.S. at 47 n. 5; *In re Markel,* 254 A.2d at 239.

### D.     The Question of Whether There is a Right to a Jury for a 35 U.S.C. § 256 Has Not Been Decided By Any Court

As a preliminary matter, Defendants do not cite a single precedential case. In any event, none of the cases Defendants cite hold that there is no right to a trial by jury for a § 256 claim. ICOS erroneously argues that the Court held in *Schum v. Intel Corp. et al.,* that a plaintiff is not entitled to a jury trial on a § 256 claim standing alone. 499 F.3d 1272 (Fed. Cir. 2007). ICOS fails to inform that Court that the issue of whether a § 256 claim is equitable or legal was stipulated by the parties. The Court noted in its opinion that "[a]t oral argument, the parties

10

agreed that an action for correction of inventorship under § 256, standing alone, is an equitable claim to which no jury trial attaches." *Id.* at 1277. As a result, the central issue raised in ICOS's motion, whether a § 256 claim is legal or equitable, was never in dispute in the *Schum* case and thus, was never an issue that was before that Court. Thus, at most, the language cited in *Schum* is dicta and not dispositive of the issue as claimed by ICOS.

Additionally, Defendant cites a number of District Court cases though none hold that a § 256 action is an equitable action and cannot be tried to a jury. Rather, the Defendant cites merely to court comments on the procedural posture of various cases, devoid of any holding or notation as to whether or not a jury trial was demanded. *Yeda v. Imclone*, 443 F.Supp. 2d 570, 573 (S.D.N.Y. 2006) (offering the solitary procedural statement "[a]fter we denied summary judgment to defendants... the Court held a bench trial...," without any discussion of whether a jury was demanded); *Whiteside Biomechanics, Inc. v. Samofar Danek Group*, 88 F.Supp. 2d 1009, 1013, 1018 (E.D. Mo. 2000) (listing correction of inventorship among issues decided by the bench, and not addressing whether or not a jury can hear a § 256 claim); *K-Tek Corp. v. Lovett*, 924 F.Supp. 57, 57-58 (M.D. La. 1996) (stating the desired relief Plaintiff K-Tek sought without clarifying the source of the characterization).

Further, the Defendant attempts to analogize a § 256 claim and the equitable defense of inequitable conduct. However, the series of cases cited not only do not opine on the demand for a jury under § 256, but also do not make the purported analogy between § 256 and inequitable conduct. *Ethicon, Inc. v. United State Surgical Corp.*, 921 F.Supp. 901, 904-05 (D. Conn. 1995) (denying a motion for summary judgment and holding that the court should resolve Plaintiff's internally inconsistent claims of fraud and "good faith mistake" of inventorship in a bench trial with USSC's inequitable conduct defense, but drawing no analogy between the two); *General*

11

*Tire & Rubber Co. v. Watson-Bowman Assoc., Inc.*, 74 F.R.D. 139, 141 (D. Del. 1977) (holding the Plaintiff "waived all rights to a jury trial with respect to the original pleadings," which included all inventorship and infringement claims, and that the only claim before the Court was the right to a jury trial under the defendant's counterclaims of unclean hands and fraud); *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987) (addressing only "[t]he question of whether a patentee is entitled to have the issue of inequitable conduct tried in [a] jury trial…" once the legal issues have been bifurcated, and drawing no parallel between a § 256 claim and inequitable conduct).

Finally, though some cases are more topical, no case reaches the issue of a jury demand under a § 256. *Maktel International, Inc. v. Priceline.com*, 138 F.Supp. 2d 1210, 1213 (N.D. Cal. 2001) (stating in dicta, where the issue of a jury demand was not before the Court, that a § 256 claim should go before the bench); *U.S. Industries, Inc. v. Norton Co.*, 184 U.S.P.Q (BNA) 187, 190 (N.D.N.Y. 1974) (postulating in dicta "[a correction of inventorship] is essentially an equitable rule which says that patents should not be invalidated for technical reasons….").

Several Section 256 actions have been decided by a jury. Most notably a jury decided Eli Lilly's[2] § 256 claim in *Eli Lilly v. Aradigm*, 376 F.3d 1352 (Fed. Cir. 1996); *see also Pannu v. Iolab*, 155 F.3d 1344 (Fed. Cir. 1998) (jury trial on 256 claim); *Clark v. Holland*, 86 F.3d 1178 (Fed. Cir. 1996) (same); *Environ Products, Inc. v. Furon Company*, 215 F.3d 1261 (Fed. Cir. 2000) (jury decided issues of inventorship); *Transworld Manufacturing Corp. v. Al-Nyman & Sons, Inc. et. al*, 750 F.2d 1552 (Fed. Cir. 1552) (same).

---

[2] Eli Lilly now controls ICOS through its subsidiary Lilly ICOS LLC.

12

## V.  CONCLUSION

Contrary to the arguments made by ICOS in its Motion, the local rules and the law discussed above demonstrate that the docket should properly reflect that this trial is set for a jury trial and that Vanderbilt is entitled to a jury trial on its 35 U.S.C. § 256 claim.  As a result, Vanderbilt's Motion to Correct the Docket should be granted and ICOS's Motion to Strike Vanderbilt's Jury Demand should be denied.

Respectfully submitted,

_____
Vincent A. Bifferato, Jr. (#2465)
Ian Conner Bifferato (#3273)
Chad J. Toms (#4155)
Bifferato Gentilotti LLC
800 North King Street, Plaza Level
Wilmington, DE 19801
(302) 429-1900

-and-

Robert S. Brennen
Donald E. English, Jr.
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, MD 21202
(410) 727-6464

Attorneys for Plaintiff,
Vanderbilt University

Dated:  November 9, 2007