IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VANDERBILT UNIVERSITY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ICOS CORPORATION, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No.: 05-506-SLR |

## JOINT [PROPOSED] PRETRIAL ORDER

Pursuant to Local Rule 16.3(c), Vanderbilt University ("Vanderbilt") and ICOS Corporation ("ICOS") hereby submit their Joint [Proposed] Pretrial Order.

## I. NATURE OF THE ACTION AND THE PLEADINGS

This is an action pursuant to 35 U.S.C. § 256 for correction of inventorship on U.S. Patent Nos. 5,859,006 ("the '006 Patent") and 6,140,329 ("the '329 Patent") (collectively, "the Patents-at-Issue").

On July 20, 2005, Vanderbilt filed its Complaint alleging that three of its scientists contributed to the conception of inventions claimed in the Patents-at-Issue and therefore should be listed as co-inventors on the Patents-at-Issue, and requesting that the Court issue an Order instructing the Commissioner of Patents to correct the Patents-at-Issue to add the three Vanderbilt scientists as co-inventors. (D.I. 1).

On September 9, 2005, ICOS filed its Answer, in which ICOS denied that the Vanderbilt Scientists should be listed as co-inventors on the Patents-at-Issue. (D.I. 10).

The Pretrial Conference is scheduled for 3:00 p.m. EST on December 18, 2007.

This case is scheduled for a bench trial beginning at 9:30 a.m. EST on January 3, 2008.

## II. BASIS FOR FEDERAL JURISDICTION

This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338. Venue in this District is proper under 28 U.S.C. §§ 1391(b) and (c). Jurisdiction and venue are uncontested.

## III. FACTS WHICH ARE ADMITTED AND REQUIRE NO PROOF

The Parties' Joint Statement of Uncontested Facts is attached as Exhibit 1.

## IV. STATEMENTS OF ISSUES OF FACT AND LAW REMAINING TO BE LITIGATED

Vanderbilt's Statement of Issues of Fact and Law Remaining to be Litigated is attached as Exhibit 2.

ICOS's Statement of Issues of Fact and Law Remaining to be Litigated is attached as Exhibit 3.

## V. EXHIBITS

Vanderbilt's list of exhibits that it expects to offer at trial and ICOS's objections to those exhibits are attached as Exhibit 4.

ICOS's list of exhibits that it expects to offer at trial and Vanderbilt's objections to those exhibits are attached as Exhibit 5.

Pursuant to the parties' agreement on December 12, 2007, the parties have stipulated that all trial exhibits listed by either party that are comprised of documents produced in discovery and numbered in the "GLAX" series, and all exhibits that have been listed by both parties on their respective exhibit lists as of December 13, 2007, shall be admitted into evidence at the commencement of trial.

The parties have agreed that documents used solely for impeachment need not be listed on their respective trial exhibit lists.

The parties have endeavored in good faith to include on their respective trial exhibit lists those exhibits they anticipate will be used in rebuttal with respect to their respective claims. The parties may introduce any exhibit listed by the other party (subject to any valid evidentiary objection by the other party) and may supplement their trial exhibit lists in response to evidence introduced at trial, provided, however, that no exhibit shall be admitted into evidence unless identified in this Order or unless leave of Court to supplement is obtained for good cause shown.

The parties may introduce certified English translations of any foreign-language exhibits listed by either party (subject to any valid evidentiary objection by the other party).

Demonstrative exhibits have not been identified on the parties' trial exhibit lists attached hereto. The parties will exchange proposed demonstrative exhibits 72 hours before introducing the exhibits at trial.

## VI. WITNESSES (INCLUDING WITNESSES TESTIFYING VIA DEPOSITION)

Vanderbilt's list of witnesses, which specifies whether such witnesses will be called live or by deposition, is attached as Exhibit 6. ICOS objects to Vanderbilt calling Christopher McKinney live in its case-in-chief due to Vanderbilt's failure to comply with Fed. R. Civ. P. 26(a)(1)(A) and 26(e). ICOS objects to Vanderbilt calling any former or current non-party Glaxo employee live in Vanderbilt's case-in-chief. ICOS also objects to Vanderbilt calling Dr. Ken Ferguson live in its case-in-chief.

Vanderbilt intends to call Pascal Grondin and Alain Daugan in its case-in-chief notwithstanding ICOS's objection.

ICOS's list of witnesses, which specifies whether such witnesses will be called live or by deposition, is attached as Exhibit 7.

No witness shall be permitted to testify unless identified in Exhibit 6 or 7 attached hereto, unless the Court should determine that such witness should be called in the interest of justice.

Vanderbilt's designations of deposition testimony that may be introduced at trial are attached as Exhibit 8. ICOS's counter-designations and objections to Vanderbilt's designations are attached as Exhibit 9.

ICOS's designations of deposition testimony that may be introduced at trial are attached as Exhibit 9.

## VII. STATEMENTS OF INTENDED PROOFS

Vanderbilt's Statement of Intended Proofs is attached as Exhibit 10.

ICOS's Statement of Intended Proofs is attached as Exhibit 11.

## VIII. AMENDMENTS OF THE PLEADINGS

Neither party contemplates any amendment of the pleadings.

## IX. DISCUSSIONS ON SETTLEMENT

The parties last discussed settlement in connection with the Court-ordered mediation before U.S. Magistrate Judge Mary Pat Thynge on September 18, 2006. There have been no further substantive settlement communications.

## X. OUTSTANDING MATTERS

The parties request that the following issues be addressed at the Pretrial Conference:

### A.    Preclusion of Mossinghoff testimony and sanction against Vanderbilt

#### 1.    ICOS's position

On December 18, 2006, Vanderbilt served ICOS with an "expert report" from Mr. Gerald J. Mossinghoff, an attorney at the law firm Oblon, Spivak in Washington D.C. In his expert report, Mr. Mossinghoff offers opinions solely about, in his words, "[t]he rules and procedural requirements regarding the filing and prosecution of patent applications in the USPTO and the grant of U.S. patents by the USPTO, and the matter of joint inventorship of an invention." This

is exactly the type of testimony that the Court's "Guidelines: Legal Expert Testimony in Patent Cases" prohibits.

On January 5, 2007, using the Court's "E-Mail Request for Emergency Relief" system, ICOS requested that the Court preclude Vanderbilt from offering or relying on testimony from Mr. Mossinghoff in this case. ICOS requested emergency relief so as to avoid having to retain an expert to submit a rebuttal report on such legal issues and to avoid the burden of unnecessary discovery regarding Mr. Mossinghoff's opinions.

On January 8, 2007, this Court issued an Order on ICOS's request:

> The Court will address the matter at the pretrial conference, if it is identified as a matter in dispute in the proposed pretrial order. If the Court agrees with defendant, plaintiff will be required to pay the costs of any responding expert defendant engages to address Mr. Mossinghoff's expert report.

Vanderbilt did not withdraw Mr. Mossinghoff's report. ICOS therefore had to retain its own patent law expert, Mr. Michael Sofocleous, work with Mr. Sofocleous to prepare an expert report addressing the opinions set out in Mr. Mossinghoff's report, work with Mr. Sofocleous to prepare for his deposition noticed and taken by Vanderbilt on August 14, 2007, and prepare for and take the deposition of Mr. Mossinghoff on August 14, 2007. ICOS incurred significant attorneys' fees and costs as the result of Vanderbilt's refusal to withdraw Mr. Mossinghoff's report.

Pursuant to the Court's January 8, 2007 Order, ICOS respectfully requests that the Court address this issue at the Pretrial Conference, preclude Vanderbilt from offering any testimony from Mr. Mossinghoff at trial in this case, and order Vanderbilt to reimburse ICOS for its attorneys' fees and costs incurred in (i) retaining and working with Mr. Sofocleous to prepare and submit his expert report on January 26, 2007; (ii) working with Mr. Sofocleous to prepare

for his deposition noticed and taken by Vanderbilt on August 14, 2007; (iii) preparing and taking Mr. Mossinghoff's deposition on August 14, 2007; and (iv) litigating this issue.

### 2. Vanderbilt's Response

In response to ICOS's request, Vanderbilt states that Commissioner Mossinghoff should be permitted to testify and sanctions against Vanderbilt are not appropriate because this is an extraordinary case in which Commissioner Mossinghoff's testimony would be helpful to the Court. First, as discussed in Vanderbilt's Statement of Facts and Law Remaining to be Litigated, Vanderbilt is asserting that the burden of proof for an action pursuant to 35 U.S.C. § 256 for correction of inventorship is a preponderance of the evidence rather than a clear and convincing standard. Commissioner Mossinghoff's report identifies the practices of the U.S. Patent Office with respect to reviewing patent applications. His report discloses that the U.S. Patent Office does not take any measures to verify the record in connection with an application for a patent, which is germane to determining whether a clear and convincing standard is appropriate in a correction of inventorship action. Given the fact that there is uncontradicted evidence from Glaxo's own scientist that the Patents-at-Issue do not accurately identify the inventors, Commissioner Mossinghoff's testimony will be helpful to the Court in this regard.

Further, there is very little legal precedent on inventorship cases and even less legal precedent on joint-inventorship cases. The fact that this case involves claims of joint inventorship related to a complex chemical compound makes this case even more difficult for the Court to analyze the law as it relates to the joint-inventorship of the Patents-at-Issue. Commissioner Mossinghoff's testimony on the legal standard for joint inventorship for chemical compounds will be helpful to the Court in the context of a bench trial to at least the same extent that the Court might otherwise rely upon an article or publication prepared by an author of similar training, background, experience and stature, and will not prejudice ICOS.

### B.    Changing start date for trial

The parties have agreed that based on the limited number of witnesses whose testimony may actually be probative regarding the limited number of factual disputes to be resolved in this case, that the ten days currently allotted by the Court for this trial (*i.e.*, from January 3 to 17) will not be necessary. The parties believe that the trial of this matter can be completed in no more than eight of the Court's regular trial days.

As a result, the parties respectfully request that the trial in this matter begin at 9:30 a.m. EST on January 7, 2008 and end no later than January 17, 2008.

## XII. ORDER TO CONTROL COURSE OF ACTION

This Order shall control the subsequent course of the action unless modified by the Court to prevent manifest injustice.

Respectfully submitted,

/s/ Chad J. Toms
Vincent A. Bifferato, Jr. (#2465)
Ian Conner Bifferato (#3273)
Chad J. Toms (#4155)
Bifferato Gentilotti LLC
800 North King Street, Plaza Level
Wilmington, DE 19801
(302) 429-1900

-and-

Robert S. Brennen
Kurt C. Rommel
Donald E. English, Jr.
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, MD 21202
(410) 727-6464

Attorneys for Plaintiff,
Vanderbilt University

Dated: December 13, 2007

/s/ Mary B. Matterer
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800

-and-

Kevin M. Flowers (pro hac vice)
Thomas I. Ross (pro hac vice)
Elliot C. Mendelson (pro hac vice)
Rashmi V. Gupta (pro hac vice)
Marshall, Gerstein & Borun LLP
6300 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606-6357
(312) 474-6300

Attorneys for Defendant,
ICOS Corporation

Dated: December 13, 2007


SO ORDERED this ___ day of December, 2007

_____
Sue L. Robinson
United States District Judge