# EXHIBIT 11

**EXHIBIT 11**

*Vanderbilt University v. ICOS Corporation*, **Civil Action No. 05-506-SLR**

**ICOS's Statement of Intended Proofs**

As the plaintiff in this action brought under 35 U.S.C. § 256, Vanderbilt bears the sole burden to prove, by clear and convincing evidence, that its employees conceived the compounds, compositions and methods recited in the asserted claims of the Patents-at-Issue and that the Commissioner of Patents should be ordered to add those employees as inventors on the Patents-at-Issue.

Defendant ICOS has not brought any counterclaims regarding inventorship or any other issue in this action, and therefore does not bear the burden of proof on any issue relating to inventorship or any other such issue.

ICOS intends to offer evidence to rebut Vanderbilt's co-inventorship case-in-chief, such as those factual issues identified by Vanderbilt in Exhibits 2 and 11 herein. However, ICOS cannot currently identify the specific proofs it will need to make to rebut Vanderbilt's case-in-chief regarding co-inventorship because, for example, Vanderbilt has thus far failed to identify which of "the Vanderbilt Scientists" it contends conceived any of the specific chemical compounds, compositions and/or methods recited in the Asserted Claims in the Patents-at-Issue.

To the extent that Vanderbilt identifies its proofs for trial in Exhibit 11 herein, ICOS intends to make the following proofs in rebuttal:

(i) the "rules" that Vanderbilt contends (*see* Exhibit 11 herein at pages 4-5) were generated by "the Vanderbilt Scientists" prior to Dr. Daugan's conceptions of the specific chemical compounds recited in the Asserted '006 and '329 Claims were not communicated to Dr. Daugan prior to his conceptions of those specific chemical compounds;

1

(ii) the "rules" that Vanderbilt contends were generated by "the Vanderbilt Scientists" prior to Dr. Daugan's conceptions of the specific chemical compounds recited in the Asserted '006 Claims was communicated to Dr. Daugan, that information did not constitute "rules" applicable to the specific chemical compounds recited in the Asserted '006 and '329 Claims;

(iii) Vanderbilt has not identified what it intends to offer by way of proof(s) regarding the relationship of "the amino acid sequence that Vanderbilt's scientists [*sic*] had discovered and used to clone recombinant bovine PDE-5" or "recombinant human cGMP [*sic*: recombinant human PDE-5]" (*see* Exhibit 11 herein at page 6) to the conception of any of the specific chemical compounds recited in the Asserted '006 and '329 Claims, but if it does attempt to offer such proofs at trial, ICOS intends to offer proof that such information did not constitute a significant contribution to the conception of any of those chemical compounds;

(iv) if the information generated by "the Vanderbilt Scientists" constituted "rules" applicable to the specific chemical compounds recited in the Asserted '006 and '329 Claims, that information did not constitute a significant contribution to the conception of any of those chemical compounds;

(iv) any information generated by "the Vanderbilt Scientists" that Vanderbilt contends relates to the specific methods recited in the Asserted '329 Claims was not communicated to Dr. Daugan prior to July 14, 1995 (the date on which Dr. Daugan's second U.K. application was filed);

(v) any information generated by "the Vanderbilt Scientists" that Vanderbilt contends relates to the specific methods recited in the Asserted '329 Claims was known to those of ordinary skill in the relevant art prior to July 14, 1995; and

(vi) if any of the information generated by "the Vanderbilt Scientists" was not already known in the relevant art prior to July 14, 1995 and was communicated to Dr. Daugan prior to July 14, 1995, that information did not constitute a significant contribution to the conception(s) of the specific methods recited in the Asserted '329 Claims.

ICOS reserves the right to amend and supplement this statement in response to Vanderbilt's further pre-trial disclosures.

ICOS reserves the right to supplement this Statement of Intended Proofs in response to any subsequently-received discovery. ICOS may prove the matters identified in its responses to interrogatories in this action. Regarding proofs to be presented by expert testimony, ICOS incorporates by reference the reports of its experts Drs. Rafferty, Padwa, and Cote (and Mr. Sofocleous if the Court permits such testimony).

ICOS has also asserted several affirmative defenses, and intends to prove the following in support of those affirmative defenses:

1. At the time it filed the Complaint in this action, Plaintiff Vanderbilt University had no standing to bring or maintain the present action because (a) there is no admissible evidence (including no evidence produced during discovery) that establishes that at the time it filed the complaint in this action, Vanderbilt University had any interest upon which it could assert any claim for correction of inventorship of the Patents-at-Issue, and (b) those parties who might have standing to bring such an action (Drs. Corbin, Francis and Konjeti) were not named as plaintiffs.

2. Any and all claims that Vanderbilt may have or have had against ICOS are barred by laches, because "the Vanderbilt Scientists" (*i.e.*, Drs. Corbin, Francis and Konjeti) knew of the Patents-at-Issue (and the fact that none of "the Vanderbilt Scientists" were named as inventors on either of the Patents-at-Issue) at least as early as 2001, but waited until 2005 to bring this action, and ICOS was unfairly prejudiced and suffered harm due to the unreasonable delay.